In the Matter of the Claim of MINNIE A. DE VOE, Appellant, v. NEW YORK STATE RAILWAYS, Respondent.

**Workmen's Compensation Law — employee injured after his day's work was finished — when such injury is not one "arising out of and in the course of his employment."**

A motorman of a street railway, who had finished his work for the day, and was hurrying to catch a street car to go to an adjoining town to have his watch tested, as required by the rules of the railway company, and was struck by an automobile, and received injuries from which he died, was not injured while performing a duty that he was employed to perform; nor while on duty nor in his working hours or on his way to or from his duty within the precincts of the company by which he was employed. Therefore, his death cannot be said to have resulted from "an accidental personal injury * * * arising out of and in the course of his employment" under the Workmen's Compensation Law (Cons. Laws, ch. 67, § 10; L. 1914, ch. 41).

*Matter of De Voe* v. *N. Y. State Railways*, 169 App. Div. 472, affirmed.

(Argued May 24, 1916; decided June 6, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 4, 1915, vacating and setting aside an award of the State Workmen's Compensation Commission.

The facts, so far as material, are stated in the opinion.

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken* of counsel), for appellant. The accident which caused the death of the deceased arose out of and in the course of his employment. (*Gane* v. *N. H. Colliery Co.*, 2 B. W. C. C. 42; *Graham* v. *Barr*, 5 S. C. L. 391; *Keyser* v. *Burdick & Co.*, 4 B. W. C. C. 87; *City of Milwaukee* v. *Althoff*, 156 Wis. 68; *Helmke* v. *Thilmany*, 107 Wis. 216; *Ewald* v. *C. & N. W. R. R. Co.*, 70 Wis. 420; *Newark Paving Co.* v. *Klotz*, 91 Atl. Rep. 91; *Boyle* v. *Columbian F. P. Co.*, 182 Mass. 93; *N. W. Packet Co.* v.

*McCue,* 84 U. S. 508; *Mote* v. *Wadsworth,* 6 B. C. C. C. 129; *Mackenzie* v. *Countless Iron Co.,* 41 Sc. L. R. 6; *Keenan* v. *Flemington Coal Co.,* 40 Sc. L. R. 144; *Jarvis* v. *Hitch,* 65 N. E. Rep. 608; *Riley* v. *Holland & Sons,* L. R. [1 K. B.] 1020.)

*Warnick J. Kernan* for respondent. There was no employment of deceased by New York State Railways, within the meaning of the statute, at the time of injury. (1 Labatt's Master & Servant, 9, 56; *Wyllie* v. *Palmer,* 137 N. Y. 248; *Butler* v. *Townsend,* 126 N. Y. 105; *Cunningham* v. *Syracuse Improvement Co.,* 20 App. Div. 171; Bradbury's Workmen's Compensation Law, [2d ed.], 404; *Matter of Flaherty,* Opinions of the Solicitor for the Dept. of Com. & Labor, 225; *Benson* v. *Lancashire & Yorkshire Ry. Co.,* 1 K. B. 1904, 242; *Walters* v. *Stavely Coal & Iron Co., Ltd.,* 4 B. W. C. C. 303; *Gilbert* v. *Owners, etc.,* 3 B. W. C. C. 455; *Nolan* v. *Porter & Sons,* 2 B. W. C. C. 106.) The injury was not one "arising out of and in the course" of decedent's employment. (*Bryant* v. *Fissell,* 86 Atl. Rep. 458; Bradbury's Workmen's Compensation Law [2d ed.], 398; *McNicol's Case,* 215 Mass. 497; *Greene* v. *Shaw,* 5 B. W. C. C. 573; *Kitchenham* v. *Johannesburg,* 4 B. W. C. C. 311; *Pierce* v. *Provident Clothing Co.,* 4 B. W. C. C. 242; *Warner* v. *Couchman,* 4 B. W. C. C. 32; *Kelly* v. *Kerry County Council,* 1 B. W. C. C. 194.)

POUND, J.   At the time of receiving the injuries resulting in his death Edward De Voe resided at Mohawk, and was employed as a motorman by the New York State Railways, a street railway corporation.

On September 12, 1914, at about 4:50 P. M., and after he had finished his work for the day, and as he was hurrying from the car barn at Mohawk to catch a car of the New York State Railways, which was just coming to a stop before the car barn, he was struck by an auto-

mobile running near the curb, receiving injuries from which he died three days later. The purpose of De Voe in taking or attempting to take a car was to proceed to Herkimer to have his watch tested. It was understood when employees were hired that they should have free transportation on the cars of the company. It was a rule of the company (employer) that the men should have their watches tested once in every two weeks, under penalty of loss of one day. The employees were not paid for the time which they consumed in the period of testing their watches, or of going to or from the place the test might be made. The person who made the test was designated and paid by the employer.

The question is whether death resulted from "an accidental personal injury sustained by the employee arising out of and in the course of his employment." (W. C. L. § 10, Cons. Laws, ch. 67.) The employee is not insured generally against accident while working for the street railway corporation. At home or on the street he may meet with accident not arising out of or in the course of his employment. The act does not cover such cases. The employee gets up in the morning, dresses himself and goes to work because of his employment, yet if he meets with an accident before coming to the employers' premises or his place of work that is not a risk of his occupation but of life generally. Deceased was not employed to have his watch regulated and therefore was not injured while doing a duty that he was employed to perform. He was not injured while on duty nor in his working hours nor on his way to or from his duty within the precincts of the company.

The order appealed from should be affirmed, with costs against the industrial commission.

HISCOCK, CHASE, CUDDEBACK, HOGAN and CARDOZO, JJ., concur; WILLARD BARTLETT, Ch. J., dissents.

Order affirmed.