In the Matter of the Claim of KATE LYNCH, Appellant, against THE CITY OF NEW YORK, Respondent.

THE STATE INDUSTRIAL BOARD, Respondent.

**Workmen's compensation — master and servant — New York city — municipal corporations — helper in city hospital located on island owned and occupied by city entitled to compensation for injuries received from fall on sidewalk while on her way to leave island — employment did not cease when she left hospital but exposed her to hazards of way off and onto island — rule not applicable to all sidewalks of city over which city employees may pass to and from their work.**

A helper in a city hospital, situated on an island owned by the city and occupied entirely by city institutions, who, after completing her work for the day prepared to leave the island to go to the city and while on her way from the nurses' home, on a sidewalk which was the proper passageway for her to take, fell and received injuries, the accident being due to the fact that snow had not been cleared off the walk, is entitled to compensation under the Workmen's Compensation Law. Her place of employment was the island on which was located the hospital and nurses' home, not merely the hospital itself. Employment did not cease when she left the hospital but continued while she was on the island leaving and returning thereto over the route provided by the employer for such purposes, the customary and practical way of ingress and egress. Her employment exposed her to the hazards of the way in and out. The rule stated,

however, does not apply to all the sidewalks of a city over which city employees might pass on their way to and from their work. (*Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 N. Y. 489; *Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369, followed; *Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 130; *Matter of Lampert* v. *Siemons*, 235 N. Y. 311; *Matter of Daly* v. *Bates & Roberts*, 224 N. Y. 126, distinguished.)

*Lynch* v. *City of New York*, 214 App. Div. 841, reversed.

(Argued January 11, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 8, 1925, reversing an award of the State Industrial Board made under the Workmen's Compensation Law and dismissing the claim for compensation.

*Jeremiah F. Connor* for appellant. The location of claimant's employment, an island in the East river, exposed her to an unusual hazard, and the injuries which occurred while claimant was leaving the island by the customary route furnished by the employer, arose out of and in the course of her employment. (*Cudahy Packing Co.* v. *Paramour*, 263 U. S. 418; *North Carolina R. R. Co.* v. *Zachary*, 232 U. S. 248; *Martin* v. *Metropolitan Life Ins. Co.*, 197 App. Div. 382; 233 N. Y. 653; *Carter* v. *Gardner & Waring Co.*, 194 App. Div. 925; 230 N. Y. 597; *Di Paolo* v. *Crimmins Contracting Co.*, 5 St. Dept. Rep. 428; 173 App. Div. 988; 219 N. Y. 580; *Matter of McInerney*, 225 N. Y. 130; *Matter of Littler* v. *Fuller & Co.*, 223 N. Y. 369; *Olsen* v. *Andrews*, 168 Mass. 261; *White* v. *Slattery Co.*, 236 Mass. 28; *Matter of Employers' Liability Assurance Corp.*, 215 Mass. 497.)

*George P. Nicholson*, Corporation Counsel (*John F. O'Brien, Morris L. Strauss* and *Frank E. Smith* of counsel), for respondent. Appellant's injury did not arise out of and during the course of her employment. (*Matter of Daly*, 224 N. Y. 126; *Matter of McInerney*, 225 N. Y. 130; *Matter of Di Salvio*, 225 N. Y. 123; *Matter of*

*Kowalek,* 229 N. Y. 489; *Matter of Schultz,* 230 N. Y. 309; *Matter of Clark,* 231 N. Y. 14; *Tallon* v. *Int. R. T. Co.,* 232 N. Y. 410; *Matter of Lampert,* 235 N. Y. 311; *Matter of Demuth,* 210 App. Div. 505; *Matter of Kane,* 210 App. Div. 558.)

POUND, J.   The facts herein are as follows: Claimant was employed as a helper in the Metropolitan Hospital on Welfare Island in the East river, which is owned by the city of New York and occupied entirely by city institutions. No one is permitted on the island unless one has business there and obtains permission from the city.   The public are admitted only on passes.   Two methods of reaching or leaving the island are provided; one by means of the Eighty-sixth street boat, which is maintained by the city, and the other by trolley part way across the Fifty-ninth street bridge and then by elevator down upon the island. Claimant's regular hours of duty were from seven o'clock in the morning to five o'clock in the afternoon.   She received wages of forty dollars per month and board and lodging at the Nurses' Home which was located on the island.   On February 21, 1924, after completing her work for the day, she went to the Nurses' Home, which is about 500 feet from the hospital, and prepared to leave the island to go to New York city to visit a sick sister.   While she was on her way from the Nurses' Home, on a sidewalk which was the proper passageway for her to take, she fell and received injuries.   The accident was due to the fact that the snow had not been cleared off the walk.

The State Industrial Board made an award but the Appellate Division reversed and dismissed the claim on the ground that the injury did not arise out of and during the course of the employment.

The situation here presented is somewhat unusual as it deals with a city employee but the principles applicable thereto have been well defined.   Broadly speaking, the

[242 N. Y. 115]          Opinion, per POUND, J.                    [Feb.,

place of employment was Welfare Island on which was located the Metropolitan Hospital and the Nurses' Home. It was not merely the hospital itself. Claimant came to and remained on the island solely by reason of her employ-ment. She did not make her home there except as an employee. When she was off duty she did not at once leave the place of her employment on her own affairs. She remained in the interest of her employer. The place was like a hospital with grounds over which the employees have to pass when their own affairs call them away. Employment did not cease when she left the hospital. It was continuous and continued while she was on the island leaving and returning thereto over the route provided by the employer for such purposes, the customary and practical way of ingress and egress. Her employment exposed her to the hazards of the way in and out.

The rule to be applied is stated in *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.* (229 N. Y. 489) as follows: " It is a general rule that if an employee is injured on the premises of the employer in going, with reasonable dis-patch and method, to or from actual performance of the specific duties of the employment by a way provided by the employer or reasonably used by the employee, com-pensation must be awarded. The going to and from the actual work and the risk involved in it are reasonably incidental to the employment."

Claimant when she sustained the injury was leaving the precincts of the hospital by the usual and customary way provided by her employer. She was not, as in *Matter of McInerney* v. *B. & S. R. R. Corp.* (225 N. Y. 130), leaving the safe path provided, for a short cut of her own choosing. Neither was she, as in *Matter of Lampert* v. *Siemons* (235 N. Y. 311), merely going to or from her work on the city streets or in a conveyance not furnished by the employer for the purpose. Of course, she might have while on the island sustained an injury not arising out of her employment if. she had turned to her own affairs, as in *Matter of Daly* v.

*Bates & Roberts* (224 N. Y. 126) and had been injured while
doing her own work, washing her clothes or dressing herself.
Such cases are clearly distinguishable from those which
involve the right of a safe way to and from the actual
place of work.   A nurse does her own work in her own
room, dresses herself, sews and attends to her own needs
without reference to the place of work.   Injuries there
sustained do not arise out of her employment.   They
might happen to any one anywhere.   But going to and
coming from work becomes an incident of the employ-
ment when the employee is within the precincts of the
employer.   It has been so held in a long line of cases.
(*Cudahy Packing Co.* v. *Parramore,* 263 U. S. 418; *Matter
of Devoe* v. *N. Y. State Rys.,* 218 N. Y. 318, 320; *Martin* v.
*Met. Life Ins. Co.,* 197 App. Div. 382; affd., 233 N. Y. 653;
*Matter of Redner* v. *Faber & Son,* 223 N. Y. 379.)   In
*Matter of Littler* v. *Fuller & Co.* (223 N. Y. 369) it was
held that the employment began when claimant entered
an automobile truck furnished by the employer to carry
him to and from his work at the railroad station two miles
from the plant and ended when he left it in the evening.
The court said: " The place of injury was brought
within the scope of the employment because Littler,
when he was injured, was ' on his way   *   *   *   from
his duty within the precincts of the company.' "

The city is the employer in this case.   The rule here
stated would be pushed to an illogical and absurd extreme
if it were applied to all the sidewalks of New York over
which city employees might pass on their way to and
from their work.   But the city maintains a plant on
Welfare Island and within that plant the employee is
exposed to the hazards peculiar to the employment as
well as the hazards of life in general.   The hazards of the
employment are analogous to those of an employee in a
manufacturing plant or railroad shop.   The location of
the hospital was such as to make the boat the customary
and practical way of ingress and egress.   The walk to the

boat landing was as much a part of the plant as the hospital itself. Although claimant was not at work when the accident happened, the employment necessarily contemplated that claimant should from time to time leave the island and return as much as it contemplated that she should work there. A reasonable interval of time for the purpose was, therefore, within the necessary scope of the employment.

The order of the Appellate Division should be reversed and the award of the State Industrial Board affirmed, with costs against the city of New York in this court and in the Appellate Division.

CARDOZO, MCLAUGHLIN and CRANE, JJ., concur; HISCOCK, Ch. J., ANDREWS and LEHMAN, JJ., dissent.

Ordered accordingly.