In the Matter of the Claim of RAYMOND R. GILLETTE, Respondent, against ROCHESTER VULCANITE PAVING COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.*

Third Department, September 20, 1928.

*Bacon & Tippett* [*Clarence B. Tippett* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondent.

VAN KIRK, P. J. There is no dispute in the evidence. The difference of opinion is in the conclusion to be drawn therefrom. The work was the construction of a highway, including the shoulders. The claimant rode to and from the place of work in his foreman's automobile. Presumably the distance was too great for walking. During the day of the accident the work had been upon the shoulders of the road. The surface of the road at the place where the work was being done had been practically completed; claimant says a sign was up informing the public that they passed at their own risk. In the morning the superintendent had placed his automobile on the west side of the road; claimant had placed his coat on the east side. Both the coat and the automobile were left at the place of the work. Claimant's quitting time was five-thirty. At this time he was working on the east side of the road; he took his tools across the road to a truck where they were to be left for the night. He then returned to the east side and got his coat; then he crossed to the west side of the road, to the automobile, and, while so doing, was struck by a passing car. Our conclusion is that he was making the necessary preparations to leave his place of work up to and including the time of his injury; that he had not yet separated himself from his employment.

The risk of being injured by a passing car was one of the risks of claimant's employment. If, five minutes before he was injured, while still working on the shoulder, he had been injured by a passing car, he would have been injured in the course of his employment; so also had he been injured two minutes before, when placing the tools for the night; so also had he been injured when he went to get his coat.

We are not justified in concluding, because the surface of the road between the shoulders was passable and the shoulders only at this point were under construction, that when one, crossing the road, reached the surface of the road proper he was in the way of the public and subjected to the same risks to which the public are subjected. If the sign was up, as claimant recalls, this was not a completed road. We are not justified then in drawing the line

between the time and the act when the man was getting the coat preparatory to leaving the employment, and the time and place when he was going across this place of work to get into the automobile for the same purpose. It should not be said that he had left the employer's place of work while he was still within its actual limits and where preparation must be made for going home. Had this place of work been the plant or property of the employer the claimant would have been in the course of his employment while passing from the premises. This we have held repeatedly. And, if an automobile of the employee was left upon the employer's premises or plant, he would still be in the course of his employment until in leaving at the end of his day's work, he drives it from those premises. A construction contractor's plant is the place where he is performing his contract. To be sure this argument cannot be applied to an entire railroad track, or highway, either of which is miles in length. But, if the employee in this case had been a track worker on a railroad line and had been injured while taking a reasonable course to leave the right of way of his employer, we should hold that he was still in the course of his employment until he had left that right of way.

The above recitals distinguish this case from *Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.* (229 N. Y. 489), where a man, who had been working for a railroad company, was injured after he had gotten to the platform among the passengers who were waiting to take the train. He was a flagman, but he had nothing to do on the platform and had become one of the public. The Court of Appeals held that the risk to which he was exposed was entirely disassociated with his employment. This claimant's injury was due to a risk to which he had been subjected all day while working on this road. The risk from which he did suffer was directly associated with the employment which he had not yet completed. It is too fine a distinction to say that, because he had gotten on that part of the surface which was completed and still at the immediate place of his employment, he was in the line of the general public travel and, therefore, was out of his employment; when, all day long while at work on the shoulder of the road going from side to side across this same so-called public place, he was in his employment. In *Matter of Devoe* v. *New York State Railways* (218 N. Y. 318) the employee was denied an award because he was not injured while performing a duty which he was employed to perform, nor while on duty, nor in his working hours, or on his way to or from his duty within the precincts of the company by which he was employed. Claimant here was within the precincts or limits of his work during the day he was

injured. He had not started yet to leave this place of work. He was still crossing and recrossing this highway getting ready to start for home by means of the conveyance in which he had come to his work. It is true this conveyance was not furnished by his employer, but it was his customary way and to go to this conveyance was completing his preparation to leave the precincts.

There was no lingering or loitering, no intervention of any purpose other than to prepare to leave the place of his work by the usual means and way. He had no more started for home than he had when putting away the tools for the night and getting his coat. An " employee, even after closing time, is in the course of employment until a suitable opportunity has been given to leave the place of · work (*Matter of Lynch* v. *City of New York,* 242 N. Y. 115, 118)." An employee must have a reasonable opportunity " to separate himself from the plant, its animosities and dangers." (*Matter of Field* v. *Charmette K. F. Co.,* 245 N. Y. 139, 142.)

The award should be affirmed, with costs to the State Industrial Board.

HILL and HASBROUCK, JJ., concur; HINMAN, J., dissents with an opinion, in which DAVIS, J., concurs.

HINMAN, J. (dissenting). The question raised is whether the accident arose out of and in the course of the employment. The claimant was a laborer, working for a highway contractor which was building a new piece of road several miles in length. The traveled portion of the road was completed and had been in public use for two weeks. The contractor was, at the time, working on the shoulder of the road. On the date of the accident, at quitting time, which was five-thirty, claimant stopped work on the east shoulder of the road, went across the road to deposit his tools at a place selected by his employer for that purpose, then recrossed the road to the east side where he obtained his coat and was ready to start his journey homeward. He proceeded southerly about twenty feet along the east side of the road and then started directly westerly across the road to enter an automobile in which he was to ride home, but just before he reached it, and about five minutes after quitting time, he was struck and injured by another automobile coming from the north. There is no claim that he was struck by an automobile driven by a fellow-employee in the confusion of departure of many men from the place of their employment. It was apparently driven by a stranger, one of the traveling public. It was not any special condition arising out of the employment to which the

accident could be attributed or which might be deemed to have extended the time of his employment until he was safely across the road and in the automobile journeying homeward. (*Matter of Field* v. *Charmette K. F. Co.*, 245 N. Y. 139.) It is not claimed that he was on his way to a conveyance furnished by the employer to transport him to his home. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369.) He was merely crossing a public highway on his way toward his home.

It is true that he had quit work only five minutes before and he had traveled only a short distance after depositing his tools and getting his coat, but there must come a time when an employee who has finished his work for the day becomes a member of the general public and is exposed to the hazards of life in general and apart from any exposure peculiar to the employment. If his employer's plant is located entirely in a building, his employment exposes him to the hazards of the way in and the way out. He is given a reasonable margin of time and space to leave the building and join the general public outside. (*Matter of Ross* v. *Howieson*, 232 N. Y. 604; *Martin* v. *Metropolitan Life Ins. Co.*, 233 id. 653.) If the employer has private premises surrounding the plant buildings, he is considered an employee until he has left the employer's premises with reasonable dispatch and directness and has joined the general public in the street, highway or public place outside. (*Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 130; *Matter of Lynch* v. *City of New York*, 242 id. 115.) If he works for a railroad, he becomes a member of the traveling public when he enters into the process of transportation home by joining the general public on his employer's station platform waiting for a train. (*Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.*, 229 N. Y. 489.) If, as a motorman of a street railway company, he is hurrying from the car barn after his day's work is finished to catch a car of his employer, which is just coming to a stop before the car barn, and he is struck by an automobile running near the curb, he is not deemed to have been injured " while on duty nor in his working hours nor on his way to or from his duty within the precincts of the company." (*Matter of De Voe* v. *New York State Railways*, 218 N. Y. 318.)

In the present case the employer's work was building a public highway. The traveled portion of it was completed. The claimant and his fellow-employees had been working on the shoulders of the road and the balance was open to public travel. When the claimant had deposited his tools after quitting time and had recovered his coat and was ready to start for home along or across this highway, he became a member of the general traveling public.

He was no longer in the course of his employment. He was then only a prospective passenger in his friend's automobile to return home. That automobile was located in the public highway. He had only to proceed along the highway for about twenty feet in the direction of his home and there to reach the conveyance by crossing the highway. The highway was no more the premises of his employment than it was the public highway and as a member of the general public he was exposed to the hazards of life in general and apart from hazards peculiar to his employment, which had ceased. If he had started to walk home along the public highway he would have been outside the ambit of his employment when he was struck and injured. (*Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.*, *supra; Matter of McInerney* v. *B. & S. R. R. Corp.*, *supra.*) He was in no different situation if he was crossing the highway to ride home in the automobile, which was not furnished by the employer to transport him to his home as a part of the contract of hiring. As was said in *Matter of De Voe* v. *New York State Railways* (*supra*, 320), a strikingly similar case: "He was not injured while on duty nor in his working hours nor on his way to or from his duty within the precincts of the company."

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

DAVIS, J., concurs.

Award affirmed, with costs to the State Industrial Board.