## WONG BAR v. SUBURBAN PETROLEUM TRANSPORT, Inc.

No. 220.

Circuit Court of Appeals, Second Circuit.

May 19, 1941.

Abraham M. Fisch, of New York City, for appellant.

Mahar & Mason, of New York City (Frank C. Mason and Edward L. P. O'Connor, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The appellant, a Chinaman who was employed as cook on the defendant's tugboat, sustained personal injuries while attempting to leave the vessel on the afternoon of May 19, 1940. His action under the Jones Act, 46 U.S.C.A. § 688, is predicated on the theory that his injuries resulted from the negligence of a fellow servant. The tugboat was lying at the dock in a Staten Island shipyard for engine repairs. Pursuant to prior instructions, the appellant reported for work on May 19th and after going on board was told by the engineer in charge of the tugboat in the captain's absence, that no work was required of him and he was free to go home, as the repairs were not completed. The engineer gave similar instructions to a deckhand named Seabrook, who had also come aboard to report for work. Seabrook and the appellant started to leave the boat together. To leave the boat it was necessary to get on the deck of a barge lying at the stern of the

tugboat and then to pass from the barge to the dock. Seabrook jumped from the deck of the tug to the deck of the barge, which was four feet higher than the stern of the tug; but the appellant, who weighed 225 pounds, picked up a six-foot ladder which he put against the barge. Seabrook held the ladder for him; it projected between six inches and a foot above the deck of the barge. Seabrook's testimony as to the accident is as follows: "Wong Bar proceeded up the ladder. After he got in the neighborhood of two-thirds of the ladder I let go of the ladder to let him step to the barge. The ladder fell. Wong Bar fell with the ladder. He fell to the starboard stern of the tug." Seabrook did not warn Wong Bar that he was going to let go of the ladder. There was testimony that a twelve-foot ladder was available if the appellant had cared to get it, but the shorter one was nearer. The short "ladder", however, was never meant for the purpose to which the appellant put it; it was the set of steps from the deck to the engine room temporarily removed and left lying about while repairs were going on. At the conclusion of the evidence the District Court directed a verdict for the defendant, stating that there was no evidence of negligence on the part of the defendant.

It is obvious that Seabrook would have to stoop to hold the ladder and would have to get out of the way to enable Wong Bar to step from the ladder to the deck, but it is not apparent to us that in order to get out of the way he would necessarily have to let go of the ladder. It would seem to be physically possible for him to have moved to one side, without wholly relinquishing his hold, so as to allow Wong Bar to step off on the other side. At least we think it was a question for the jury whether he acted with reasonable care under the circumstances. Hence the direction of the verdict can be sustained only if Seabrook's acts are not imputable to the defendant.

It is urged by the appellee that such is the case because Seabrook was not acting within the scope of his employment at the time of the accident. We cannot accept this contention. An employee continues in the course of his employment until he has left his place of employment; hence in leaving the tug both Seabrook and Wong Bar were acting in the course of their employment. Gillette v. Rochester Vulcanite Paving Co., 224 App.Div. 319, 230 N.Y.S. 647, affirmed, 249 N.Y. 608, 164 N.E. 602; Carter v. Rowe, 92 Conn. 82, 101 A. 491; Webber v. Wainsborough Paper Co., [1915] A.C. 51; Utah Apex Mining Co. v. Industrial Comm., 67 Utah 537, 248 P. 490, 49 A.L.R. 424, 437; Kasari v. Industrial Comm., 125 Ohio St. 410, 181 N.E. 809, 82 A.L.R. 1043. It was to his employer's interest that Wong Bar should not be injured while so doing. Therefore, the deckhand would act within the scope of his employment in furthering the master's interest by assisting Wong Bar to leave safely.

The appellee further urges that the plaintiff assumed the risk due to his choice of the shorter ladder. The choice of a defective appliance when a more appropriate one is available does not render assumption of risk a defense under the Jones Act when the plaintiff is on duty. Socony-Vacuum Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265. The opinion of Mr. Justice Stone, however, expressly laid aside determination of what rule is to apply when, as here, he is not on duty. In the latter situation this court has held the defense applicable. Holm v. Cities Service Transp. Co., 2 Cir., 60 F.2d 721, 722; Hardie v. New York Harbor Dry Dock Corp., 2 Cir., 9 F.2d 545, 546. In the Holm case the plaintiff while in the course of his employment but off duty chose an unsafe passage to his quarters though he knew of an available safe passage. We held the assumption of risk in choosing the unsafe passage constituted a defense to the action. While we may assume the shorter ladder used alone would be less appropriate than the longer one for the purpose, we do not believe that under the circumstances it can be deemed a choice of a defective appliance as in the Socony-Vacuum and Holm cases. Wong Bar did not rely on the ladder alone but also relied on Seabrook to hold it for him. The short ladder properly held by Seabrook was as appropriate a means of effecting his purpose as would have been the longer ladder. Consequently we do not believe that Wong Bar can be deemed to have chosen an unsafe appliance in preference to a safe one so as to justify the conclusion that he assumed the risk.

For the foregoing reason, we are of opinion it was error to take the case from the jury. Accordingly, the judgment must be reversed and the cause remanded for a new trial. It is so ordered.