In the Matter of the Claim of GERTRUDE MANVILLE, Appellant, against NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 13, 1943.

*Fred J. Murray* for claimant-appellant.

*George J. Hayes, William F. O'Rourke* and *Victor Fiddler* for employer and insurance carrier-respondents.

*John J. Bennett, Jr., Attorney-General,* for State Industrial Board, respondent.

*Per Curiam.* Appeal by State employee from a decision denying her claim for compensation for injuries received from a fall on the sidewalk on Swan street, Albany, in front of the State office building where she was employed. Her theory is that as the State owns the fee of Swan street, she had reached the place of her employment when she fell. *Matter of Lynch v. City of New York* (242 N. Y. 115) involved an injury received by an employee while walking on the sidewalk from the nurses' home on Welfare Island to one of the exits from the Island. Welfare Island is owned by the city, and devoted exclusively to the maintenance and operation of a hospital. The public is admitted only on passes. Swan street is used by the public, like any other public street. The *Lynch* case is not an authority in the instant case.

The decision should be affirmed, without costs.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur; BLISS, J., dissents on the authority of *Matter of Lynch v. City of New York* (242 N. Y. 115). The place where claimant was injured was not a public street in the ordinary sense of the term. The land is owned by the State of New York and had not been dedicated to public highway purposes and the State might close it at any time. Consequently it was not a public highway and the claimant fell on the privately owned lands of the State of New York for which she was then working.

Decision affirmed, without costs.