In the Matter of the Claim of GERTRUDE MANVILLE, Appellant, against NEW YORK STATE DEPARTMENT OF LABOR, et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Submitted October 22, 1944; decided December 30, 1944.

*Fred J. Murray* for appellant. I. The premises upon which this accident occurred are owned in fee simple by the employer, the State of New York. II. The accident arose out of and in the course of employment. (*Matter of Lynch* v. *City of New York,* 242 N. Y. 115; *Matter of Swanson* v. *Campbell,* 279 N. Y. 588; *Matter of Donehue* v. *Hebbard,* 246 App. Div. 662; *Matter of Bishoff* v. *Storks' Nest, Inc.,* 245 App. Div. 884; *Matter of Sheehan* v. *Board of Trustees of Schuylerville,* 256 App. Div. 148.)

*George J. Hayes, Victor Fiddler* and *William F. O'Rourke* for State Insurance Fund, respondent. I. Upon the evidence and the law, the Appellate Division properly affirmed the finding of the Industrial Board that the accidental injuries did not arise out of and in the course of employment. (*Matter of White* v. *Consolidated Aircraft Corp.,* 266 N. Y. 554; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.,* 229 N. Y. 489; *Matter of Lampert* v. *Siemons,* 235 N. Y. 311; *Matter of De Voe* v. *N. Y. State Railways,* 218 N. Y. 318; *Matter of Clark* v. *Voorhees,* 231 N. Y. 14; *Matter of Schultz* v. *Champion W. & Mfg. Co.,* 230 N. Y. 309; *Matter of McInerney* v. *B. & S. R. R. Corp.,* 225 N. Y. 130; *Matter of Parisi* v. *Whitmope, Rauber & Vicinus,* 230 App. Div. 140; *Matter of Funarie* v. *Mohawk Club,* 257 App. Div. 887; *Matter of Wischman* v. *Berrick,* 259 App. Div. 766.) II. The evidence shows that Swan Street was accepted and used as such by the public as a public street. The creation of Swan Street in front of this building is clear evidence of intention to dedicate to public use. (*Scarborough Prop. Corp.* v. *Briarcliff Manor,* 278 N. Y. 370; *People* v. *Brooklyn & Queens Transit Corp.,* 273 N. Y. 394; *Matter of City of New York* [*East 177 St.*], 239 N. Y. 119; *Pomfrey* v. *Village of Saratoga Springs,* 104 N. Y.

459; *Cook* v. *Harris et al.,* 61 N. Y. 448; *Flack et al.* v. *Vil. of Green Island,* 122 N. Y. 107; *City of Cohoes* v. *D. & H. C. Co.,* 134 N. Y. 397; *Vastola* v. *City of New York,* 289 N. Y. 310.)

Conway, J.   This is a claim for workmen's compensation by a State employee whose place of employment is the State Office Building at Albany, N. Y.   In order to reach the building, it is necessary for her to use a sidewalk on a piece of property owned and controlled by the State and denominated Swan Street. While so doing, in March of 1939, she fell upon the ice which was there located and sustained the injuries for which she seeks compensation.

Under chapter 5 of the Laws of 1926, the Legislature set up a commission to select a site for the erection of a State Office Building in Albany.   The commission was to cause a survey and map of the lands chosen to be made (§ 2), and after the service of copies of the map with certificates of accuracy on the owners of the lands in question, the entry and appropriation was to be deemed complete, and thereupon such property was to become the property of the People of the State (§ 4).

In accordance with that Act, a street which had been known as Swan Street and which connected State Street and Washington Avenue, was discontinued as a public street by the Common Council of Albany, and conveyed to the State by the City of Albany for a nominal consideration, actual payment of which was waived.   After the erection of the building, a new Swan Street was laid out, which does not follow the line of the old street.   In most places, it is located entirely east of the east line of the old street.   The point at which claimant fell, however, is located upon the land conveyed by the city.

At the time of the hearing, it was stated that there were parking signs placed in the new street by the Albany City Police Department, but it was not known whether the city or the State cleaned it.   There is no evidence in the record as to the maintenance of the street.   There is a suggestion that there was an understanding between the city and the State " that there would be a public street put through for the convenience of the public, and also because of fire protection " since without a street the fire engines would have greater difficulty in getting from one part of the city to another.   On this record, it is quite evident that the question of responsibility for keeping this so-called street in a reasonably safe condition may not be determined by some

vague " understanding." The State took a formal conveyance of the land and must accept the responsibilities flowing therefrom, unless by some appropriate and valid action it shifts those responsibilities to another.

The general rule, in compensation cases, applicable to the New York State Department of Labor as well as to an individual, is well stated in *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.* (229 N. Y. 489, 492, COLLIN, J.), as follows: " It is a general rule that if an employee is injured *on the premises* of the employer in going, with reasonable dispatch and method, to or from actual performance of the specific duties of the employment by a way provided by the employer or reasonably used by the employee, compensation must be awarded. The going to and from the actual work and the risk involved in it are reasonably incidental to the employment." (Italics supplied.) That language was later quoted in *Matter of Lynch* v. *City of New York* (242 N. Y. 115, 118), and is supported by the great weight of authority. (See note in 49 A. L. R. 424, supplemented by 82 A. L. R. 1043.) Claimant here was clearly going to her work, on land over which it was necessary for her to pass, " with reasonable dispatch," so that, since the portion of Swan Street where she fell was part of the premises of her employer, her injury is compensable. Those premises are still owned by the State. Employees of the State and those members of the public having business with State departments are permitted to use it, but there is nothing in this record to indicate that the State could not close it off if it so desired. The respondent department and the insurance carrier urge that there has been a dedication and acceptance of a new Swan Street as a public street by reason of the facts surrounding the conveyance, and that the question of whether or not the facts establish such dedication and acceptance is a question of fact. We find no validity in the argument that the Industrial Board may make a finding that the sovereign State has dedicated a part of its property for public use. The State, in such a matter, acts through the Governor and the Legislature formally and not through the Department of Public Works.

There was no contention here that claimant's injuries would have been compensable if while on her way to work she had fallen upon a street or highway owned by the State of New York, no matter how far from her place of employment. Here,

the injury occurred " within that reasonable distance " of the point of commencement of her actual work within the meaning of the quoted words from the case of *Matter of McInerney* v. *B. & S. R. R. Corp.* (225 N. Y. 130, 134), and she was thus protected. In the *Lynch* case (*supra*), claimant was a nurse employed in a city hospital on Welfare Island. She was off duty and was walking on one of the walks on the island in order to take the boat to leave the island, when she slipped and fell and suffered the injuries for which she sought compensation. This court held her injuries compensable, saying (p. 118): " Employment did not cease when she left the hospital. It was continuous and continued while she was on the island leaving and returning thereto over the route provided by the employer for such purposes, the customary and practical way of ingress and egress. Her employment exposed her to the hazards of the way in and out." So it was here. (See, also, *Matter of Swanson* v. *Campbell*, 279 N. Y. 588; *Matter of Leatham* v. *Thurston & Braidich*, 264 App. Div. 449, affd. 289 N. Y. 804; *Ross* v. *Howieson*, 232 N. Y. 604, revg. 198 App. Div. 674 on dissenting opinion of KELLOGG, P. J.; *Matter of Gillette* v. *Rochester Vulcanite Paving Co.*, 224 App. Div. 319, affd. 249 N. Y. 608.)

The order of the Appellate Division and the determination of the State Industrial Board should be reversed, with costs, and the matter remitted to the State Industrial Board for action thereon not inconsistent with this opinion. [See 294 N. Y. 697.]

RIPPEY, LEWIS, DESMOND and THACHER, JJ., concur; LEHMAN, Ch. J., and LOUGHRAN, J , dissent.

Ordered accordingly.