**MILLER v. T. H. BROWNING S. S. CO., Inc.**

Civil Action No. 3416.

District Court, W. D. New York.
July 18, 1947.

Desmond & Drury, Buffalo, N. Y., for plaintiff.

Foster, Lott & Lutz, of Detroit, Mich., and Richards & Coffey, of Buffalo, N. Y., for defendant.

BURKE, District Judge.

The plaintiff has a verdict for $77,000 for damages resulting from a fall into the hold of the merchant steam vessel "Sultana." It was rendered in an action under the Jones Act, 46 U.S.C.A. § 688. The defendant has moved to set aside the verdict and for judgment in its favor in accordance with its motions for a directed verdict made at the end of the plaintiff's case and at the conclusion of the evidence and in the alternative, for a new trial. The motion brings up for decision the question of whether the plaintiff's injuries were sustained in the course of his employment as a seaman so as to entitle him to sue under the Jones Act.

The defendant had a contract with the Seafarer's International Union which provided among other things that in the hiring of all employees the defendant should first call the Union to furnish competent help and in case the Union was unable to do so, the defendant itself might hire such help. One Mc Lean was the Port Agent of the Union. It was his duty to ship unlicensed personnel aboard the boats at Buffalo. The First Assistant Engineer of the "Sultana" told Mc Lean "to ship an oiler." Mc Lean sent Miller the plaintiff to the Union office to obtain clearance for the "Sultana." He got a clearance slip which read, "The bearer M. Miller is hereby certified as competent to fill the position of oiler on the steamer 'Sultana.' Signed, A. Mc Lean." Miller went with his gear to the ship. He ascended by means of a ladder from the dock to the ship. As he was proceeding aft along the deck to report for work he fell into an open hatch.

The right to sue under the Jones Act depends upon the existence of the conventional relationship of employer and employee. "The statute is concerned with the relative rights and obligations of seamen and their employers arising out of personal injuries sustained by the former in the course of their employment." Panama R. Co. v. Johnson, 264 U.S. 375, 387, 44 S. Ct. 391, 394, 68 L.Ed. 748.

"It does not purport to change the definition of 'seamen' so as to do away with the

necessity of a contractural relation of employment to serve on board a vessel; * * *." Buffalo & Grand Island Ferry Co. v. Williams, 2 Cir., 25 F.2d 612, 613. See also Nolan v. General Seafoods Corp., 1 Cir., 112 F.2d 515, 517; The Norland, 9 Cir., 101 F.2d 967, 971; Cromwell v. Slaney, 1 Cir., 65 F.2d 940, 941; Cf. Hull v. Philadelphia & Reading Ry. Co., 252 U.S. 475, 479, 40 S.Ct. 358, 64 L.Ed. 670.

The plaintiff, when he sustained his injuries, had not yet reported to any of the ship's officers. He had not been accepted as an employee. He had not signed ship's articles. He had received no orders from anyone aboard the ship. He had done no work. He himself had not yet accepted employment. He was free to leave the ship for any arbitrary reason of his own. The defendant had no control over him as an employee nor would it have been responsible to a third person for his negligent acts. He was in no sense of the word an employee. He was "a prospective employee" and was so regarded by the defendant and the Union in Article 1–F of the contract.

The plaintiff argues that the Port Agent of the Union was the authorized agent of the defendant in the hiring of employees and therefore that the status of the plaintiff as an employee began when he obtained his clearance slip from the Union office. There is nothing in the evidence to sustain that conclusion. In fact Article 1–F of the contract providing for precedure in cases of company rejection of a prospective employee unequivocally negatives any such agency.

Wong Bar v. Suburban Petroleum Transport, 2 Cir., 119 F.2d 745, cited by plaintiff, is not in point. There Wong Bar, a Chinaman, was employed as cook on the defendant's tugboat. He sustained injuries while attempting to leave the vessel. *Pursuant to prior instructions* he reported for work and after going on board was told by the officer in charge that no work was required of him and that he was free to leave. He was injured as he was leaving the tugboat. The Court said "An employee continues in the course of his employment until he has left his place of employment." 119 F.2d at page 746. The opinion makes it clear that there was an existing status of employer and employee. The only question involved was whether the injuries were sustained in the course of his employment.

The evidence conclusively shows that Miller had not attained the status of an employee at the time he sustained his injuries. They were therefore not sustained in the course of his employment so as to entitle him to sue under the Jones Act. The defendant should have judgment in accordance with its motions for a directed verdict. Because I have reached that conclusion, I have not considered the grounds asserted for defendant's alternative motion for a new trial.