In the Matter of the Claim of Alpheus Harrigan, Appellant, against New York City Transit Authority, Respondent. Workmen's Compensation Board, Respondent.

Third Department, June 14, 1956.

636

*Arthur S. Schechter* and *Samuel Lawrence Brennglass* for appellant.

*Harold Warner* for New York City Transit Authority, respondent.

FOSTER, P. J. This appeal, taken by an unsuccessful claimant from a decision of the Workmen's Compensation Board, presents the issue of whether claimant was still engaged in the course of his employment when he was accidently injured.

Claimant was employed as an assistant train dispatcher. He worked in the office of the dispatcher at the north end of the north bound " C " platform of the I. R. T. 96th Street and Broadway subway station in New York City. The office was on a level with the subway station platform.

Claimant's hours of duty were from 4:00 P.M. until midnight. The accident occurred a few moments after midnight on January 21, 1954. Claimant signed out at 12:00 P.M., put on his coat, left the office and walked toward the place where he could enter a subway train. There was some ice on the platform according to his testimony. In any event when he was about 18 feet from the door of the dispatcher's office which he had just left he slipped and fell. At that moment he was also about the same distance from where the subway train would ordinarily stop.

These are the simple facts of the claim. As so often happens in cases of this character a close and troublesome question is presented as to whether claimant was still in the course of his employment. We are inclined to the belief that the board drew too close a line of demarcation from a legal viewpoint. This is a somewhat different situation than a street case. The sub-

way platform, while used by the public, was not quite in the same category as a public street. It would be a more logical application of analogy to say that the subway tracks, where the trains ran, were closer to the common conception of a street. The trains ran somewhere in both directions, whereas the subway platform began and ended where it was, and was only a means of entering trains. It may be added that the platform was presumably under the control of the employer, and also that the dispatcher's office was in reality so affixed to the platform to be a part thereof.

The application of the Workmen's Compensation Law should be liberally construed for the benefit of injured employees, and we know of no fixed and invariable principle of law that requires splitting of hairs under the circumstances disclosed here. It is true that claimant had finished his shift of work but that fact is not necessarily decisive. The trend of authority is to the effect that if the injury occurs reasonably close to the place of work, over a way owned or controlled by the employer and the employee is either going to or leaving work, the accident may be found to be within the precincts of the employment (*Matter of Manville* v. *New York State Dept. of Labor*, 294 N. Y. 1; *Matter of Lynch* v. *City of New York*, 242 N. Y. 115; *Matter of Gillette* v. *Rochester Vulcanite Paving Co.*, 224 App. Div. 319, affd. 249 N. Y. 608; *Schwartz* v. *State of New York*, 251 App. Div. 634, affd. 277 N. Y. 567). To support a contrary viewpoint the case of *Matter of Kowalek* v. *New York Cons. R. R. Co.* (229 N. Y. 489) is cited. However the facts of that case may be distinguished from those presented here. But even there the court merely held that transportation was ordinarily not an incident of employment. Here the claimant had not yet reached the point where he could take transportation, in fact he was still on a part of the platform not generally used by the public.

The decision should be reversed, without costs, and the matter remitted to the Workmen's Compensation Board for further consideration.

BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Decision reversed, without costs, and the matter remitted to the Workmen's Compensation Board for further consideration.