EVERETT A. GETCHELL
ERNEST L. LECLERC
ROSA M. ATWOOD, WIDOW OF BYRON J. ATWOOD
*vs.*
LANE CONSTRUCTION CORPORATION
AND
LIBERTY MUTUAL INSURANCE CO.

Cumberland.   Opinion, February 5, 1958.

336

*William H. Clifford*, for plaintiff.
*Forrest E. Richardson*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WEBBER, J. On November 29, 1955 the claimants Getchell and Leclerc in company with the decedent Atwood were riding in Getchell's truck. They were all employees of the respondent Lane Construction Corporation working on the construction of the Maine Turnpike. Shortly after their work had ended for the day they were involved in an accident with another vehicle in which Getchell and Leclerc were injured and Atwood was killed. The Industrial Accident Commission awarded compensation and the matter is before us on appeal (the three claims having been heard and decided together).

Reference may be had at the outset to the statement of facts and applicable law which is contained in our opinion in the case of *Rita J. Babine, Pet'r.* v. *Lane Construction Corporation et al.,* 153 Me. 339, filed this day. The respondents are the same in both cases. The claimants Getchell and Leclerc and the decedent Atwood were all working for the same contractor and upon the same project under substantially the same conditions as was *Babine.*

The facts vary only slightly from those in the *Babine* case. The turnpike was more nearly completed in November and the surfacing of the traveled portion had been finished. The road was still, however, not open to public travel and work was in progress on the shoulders and the "islands" between lanes. After the death of Babine a practice had been inaugurated of issuing passes to all employees which permitted them access onto the turnpike area at any entrance. It was still, however, as in the *Babine* case, common practice for the employees to use the turnpike going to and coming from work, a fact known to the company. The company considered it useless to attempt to prevent this practice and made no effort to do so.

Mr. Getchell was an assistant foreman. Mr. Atwood worked with him. Mr. Leclerc was a roller operator. On the day of the accident, Getchell and Atwood worked around the bridge at Gray. They then moved in Getchell's truck several miles to a section near the South Portland exit and worked there. In the meantime, Leclerc worked first near the Falmouth interchange and later drove his roller to a work area near the South Portland area, leaving his car parked on the traveled portion of the north bound lane. At the request of a foreman and as a matter of convenience and accommodation rather than duty, Getchell agreed to convey Leclerc back to his parked car at the close of work. Getchell, with Atwood as his passenger, intended to continue on northerly toward Auburn on their way home. Several other contractors were also performing work in the completion of the turnpike involving the use of men and equipment. Vehicles were moving in both directions on both the north bound and south bound lanes. While the Getchell truck was proceeding northerly in the north bound lane and before they reached the location of Leclerc's parked car, it was involved in a collision with another vehicle moving in the opposite direction.

In the *Babine* case we stated at length our reasons for holding that the accident occurred "in the course of" and "arose out of" the employment. We are satisfied that no change in the facts as above stated produces a different result. Even though the paving work had been finished, the work operation continued on up and down the area with crews moving, as did the claimants, for long distances from one work area to another. This was not yet a public highway or street. It was a work project with the general public excluded from any permitted use of the area. The employees were free to move about over it in the discharge of their tasks and in the process of going to and coming from work. The entire area was still a zone of employment risk and hazard. In argument, counsel for the respondents has conceded that Mr. Leclerc's accident is compensable and has abandoned his contentions as to him. We cannot agree that Leclerc stands in any better position than do the other two claimants. Getchell and Atwood were also on the employer's "premises" returning home from work by a customary and convenient route not forbidden to them. The confusion and lack of control created by the nature of the work and the circumstances under which it was being done gave rise to the hazard of collision of vehicles within the work area. When an accident which might well have been anticipated did in fact occur, it occurred "in the course of" and "arose out of" the employment, and is compensable.

> *Appeal dismissed. Decree affirmed.*
> *Allowance of $250 ordered to peti-*
> *tioners for expenses of appeal.*