In the Matter of the Claim of MILLER HARRISON, Respondent, v. N. Y. C. HOUSING AUTHORITY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from decisions of the Workmen's Compensation Board which determined that claimant's injuries arose out of and in the course of employment. The claimant, while parking his automobile on Myrtle Avenue in the vicinity of his place of employment, sustained injuries when knocked down as the result of his being struck by an automobile driven on the sidewalk by a tenant of the building where claimant was employed. The same tenant had previously attacked the claimant, of which the employer had knowledge. The board stated that the assault was witnessed by two housing policemen who intervened to prevent further injuries. On September 8, 1971 the board found "that the accident occurred on the employer's premises and that the accident arose out of and in the course of employment". On January 10, 1972 by a supplemental decision the board amended its prior decision to include additional findings "that claimant had so closely approached the point of entering the employer's premises as to come within the protection of the law, that employer assumed additional responsibility for placing claimant in a position to be assaulted by a person who appeared to be mentally unbalanced and who had previously manifested hostility toward claimant". *Matter of Costa* v. *New York State Workmen's Compensation Bd.* (34 A D 2d 585) is not controlling here. More closely aligned to the present facts is *Matter of Notowitz* v. *Rose Towel & Linen Supply Co.* (36 A D 2d 543, affd. 29 N Y 2d 502) where the claimant, upon leaving his place of employment, was pursued and assaulted about one block distant from the premises of his employer.

The record established no work connected reason for the *Notowitz* assault. The present board finding is two fold: that it happened near the employer's premises and the employer had prior knowledge of a previous assault by the same person upon the claimant. Thus, the precinct of employment rule is not alone controlling. The issues upon which the board premised its amended findings were factual and within its province. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott and Sweeney, JJ., concur; Reynolds, J., dissents and votes to reverse and dismiss the claim in the following memorandum. Staley, Jr., J., not voting. Reynolds, J. (dissenting). On May 5, 1970 claimant, a caretaker, was getting out of his parked car on Myrtle Avenue, a public street, about 20 minutes before he was to report for work, when he was intentionally run down and injured by a car driven by a mentally deranged tenant who lived in the adjacent housing project. While this same tenant had previously attacked the claimant with a hammer in 1969, the claimant had no relationship whatsoever with the tenant; he did not know the tenant personally, nor did he know where the tenant's apartment was located, and he had no contact with him either in the course of his work or otherwise. In its initial decision the board found the claimant was on the employer's property when he was hit. However, recognizing that this determination was not correct it modified its decision to hold that: " Claimant had so closely approached the point of entering the employer's premises as to come within the protection of the law ", and that the " employer assumed additional responsibility for placing claimant in a position to be assaulted by a person who appeared to be mentally unbalanced and who had previously manifested hostility toward claimant ". In my opinion there is no basis for the finding that the attack upon the claimant arose " in the course of employment ". Claimant was merely enroute to work and had not yet entered the employer's premises and without special circumstances, not here present, travel to and from work are not risks of employment (*Matter of Costa* v. *New York State Workmen's Compensation Bd.*, 34 A D 2d 585). The public sidewalks adjacent to an employer's premises, absent a showing of dominion or control thereover, or of necessity for ingress or egress, are not within the precinct of employment, and, thus, pre- or post-working hour injuries occurring thereon are not suffered " in the course of employment" (see *Matter of Kane* v. *New York State Dept. of Ins.*, 27 A D 2d 344; see, also, *Matter of Lynch* v. *City of New York*, 242 N. Y. 115; *Sciaruto* v. *Scovell*, 32 A D 2d 702). The mere proximity to the employer's premises is insufficient alone to bring an injury within " the course of " employment, and that is all that is present here. *Matter of Notowitz* v. *Rose Towel & Linen Supply Co.* (36 A D 2d 543, affd. 29 N Y 2d 502), relied on by the majority, is factually inapposite. In *Notowitz* we merely held that the board could find that the three suspicious looking men whom claimant noticed when he brought the employer's truck to the garage for the night and who were still there when he was about to leave constituted a hazard which did not permit him safe egress from the employment premises and that the fact that he was running away on the public street when pursuit began and the assault was actually committed did not preclude recovery. In the instant case it cannot be said that involved was a risk attendant to employment. And the fact that a previous assault had been committed upon the claimant by the same demented tenant would not change this result. Accordingly, I vote to reverse and dismiss the claim.