**L. W. EDISON, INC., Appellant (Defendant Below),**

v.

**Lois Jean TEAGARDEN, Widow of Charles C. Teagarden, Deceased, Appellee (Plaintiff Below).**

**No. 2–880A249.**

Court of Appeals of Indiana, Third District.

July 27, 1981.

Carl J. Suedhoff, Jr., Thomas L. Wooding, Hunt, Suedhoff, Borror, Eilbacher & Lee, Fort Wayne, for appellant.

Sherrill William Colvin, Perry D. Shilts, Snouffer, Haller & Colvin, Fort Wayne, William N. Mills, Mills & Northrop, Huntington, for appellee.

HOFFMAN, Presiding Judge.

This is an appeal from the Full Industrial Board which affirmed the award of the single hearing member granting Lois Jean Teagarden's compensation claim based upon an automobile accident which caused the death of her husband, Charles C. Teagarden.

A hearing before the single hearing member of the Industrial Board was held on January 15, 1980, and on April 4, 1980 he issued his award granting the death benefits and finding that Charles Teagarden's accident arose out of and in the course of his employment with L. W. Edison, Inc.

L. W. Edison, Inc. raises the following issues on appeal:

(1) whether Teagarden's death arose out of and in the course of his employment;

(2) whether Teagarden was committing a misdemeanor at the time of his death and was thus barred from workmen's compensation benefits;

(3) whether there was sufficient evidence to support the award of the Full Industrial Board; and

(4) whether the award of the Full Industrial Board is contrary to law.

Charles Teagarden died on October 25, 1977 as a result of injuries received on October 24, 1977. Teagarden was employed by L. W. Edison, Inc. as a fuel man. L. W. Edison, Inc. was the general contractor on a state highway project which involved construction on U.S. Highway 30 and had a number of subcontractors under its supervision, including Hipskind Asphalt Corp.

On the date of the accident, Teagarden was on his way to the construction office where his duties began at 7:00 A.M. He was traveling on a portion of the road which was under construction and was not open to the public. At approximately 6:25 A.M., approximately one-half mile from the construction office, Teagarden's van collided with an asphalt paver, owned by Hipskind, which was parked in the proposed westbound lane of the highway.

On appeal from an award of workmen's compensation benefits, the Court of Appeals will not weigh evidence and, where there is conflicting evidence, will consider only evidence which tends to support the Industrial Board's award. *Allen v. United Telephone Co.* (1976), 168 Ind.App. 696, 345 N.E.2d 261. The Industrial Board will be reversed only if the evidence leads conclusively to a result contrary to that reached by the Board.

Edison contends that the award is contrary to law and/or not supported by sufficient evidence for two reasons. First, the accident did not arise out of and in the course of the decedent's employment. Edison argues that because Teagarden was on his way to work in his own private vehicle, on a route which was closed to the public and not necessary for him to use in order to reach his jobsite, and because the accident occurred more than thirty minutes prior to his starting time and one-half mile away from his reporting site, the injury did not meet the appropriate requirements for awarding compensation.

It is true in Indiana that generally, accidents occurring on the way to or from a worker's place of employment are not compensable under workmen's compen-

sation law. However, this general rule has been expanded to include many exceptions, and it is agreed that whether an employee injured while going to or from his place of employment sustained accidental injury arising out of and in the course of his employment depends upon the particular facts and circumstances of each case. *Kariger Motors, Inc. v. Kariger et al.* (1961), 132 Ind.App. 85, 173 N.E.2d 916. The public policy underlying the Workmen's Compensation Act favors a liberal construction of making awards for accidents involving ingress and egress of employees to their work premises on the theory that such accidents do arise out of and in the course of employment. *O'Dell v. State Farm Mut. Auto. Ins. Co.* (1977), Ind.App., 362 N.E.2d 862.

In *Prater v. Ind. Briquetting Corp.* (1969), 253 Ind. 83, 251 N.E.2d 810, Justice Hunter set out several factors to consider in making a determination such as the one before us and stated that the crux of the issue is whether or not there is a causal relation between the accident and the employment.

"To summarize, liability in a situation such as the facts in the case at bar present depends on the finding of a causal relation between the accident and the employment. The actual situs of the injury, although a consideration, is not controlling. Also to be considered are the conditions and circumstances existing at the time, the type of activity in which the injured party was engaged when injured and its relationship to his duties as an employee, the reasonableness of such act in relation to the sum total of conditions and circumstances constituting the work setting, and the knowledge and acquiescence of the employer in certain situations where acts, incidental to employment, are being done in violation of the rules and the employer has knowledge or could reasonably be expected to know, yet does nothing to halt such infringements."

251 N.E.2d at 813.

█ A review of the evidence presented in the cause before us reveals that it was sufficient to support the finding that the accident arose out of and in the usual course of his employment in that the requisite causal connection did exist.

█ It is undisputed that Teagarden was on his way to his job when the accident occurred. Edison argues, however, that the accident occurred at a time and place where Teagarden had no job duties. The accident occurred at approximately one-half hour from his official starting time. Testimony was given, however, that Teagarden often arrived a bit early and was never discouraged from doing so. Employment covered by the act necessarily includes a reasonable amount of time and space before and after actual employment, in light of all the circumstances connected with the accident. *Reed et al. v. Brown et al.* (1958), 129 Ind. App. 75, 152 N.E.2d 257. In this case, Teagarden lived a considerable distance from the site and his job was to have the machinery fueled and ready to begin work. Therefore, his arrival one-half hour early is not unreasonable.

Though he was one-half mile from the office where he would pick up his fuel truck, he was on the highway which was under construction. These premises, though owned by the State of Indiana, were at that time under the control and supervision of Edison, the general contractor for the project, and thus, the site was within the premises of the employer.

Edison argues that because the road was closed and barricaded and because Teagarden could have reached the construction office by open roads, he should not have been on that section of the road under construction.

However, no evidence showed that Teagarden had been personally advised not to use that portion of the highway under construction and such was not a posted work rule. In fact, there was testimony that it was the custom on the jobsite for the first person arriving for the day to either drive around or move the movable barricades for the workmen who would arrive next.

The question of alternative routes was addressed by this Court in *Reed v. Brown,*

*supra.* In *Reed,* as in the cause before us, there was no evidence that the decedent was warned not to use the particular route. Likewise, as did the employer in *Reed,* Edison acquiesced in use of the highway under construction by using movable barricades, the custom the workmen established as a result of movable barricades, and having no posted work rule prohibiting such travel.

While no workmen's compensation case has been decided in Indiana on facts involving a death on a highway under construction, other jurisdictions have wrestled with this problem and have reached this same result. In the case of road construction workers, the employer's premises has been considered the portion of the highway under construction. *Gillette v. Rochester Vulcanite Paving Co.* (1928), 224 App.Div. 319, 230 N.Y.S. 647.

In Maine, an accident very similar to Teagarden's occurred which resulted in two cases decided by the Supreme Judicial Court of Maine.

*Babine v. Lane Construction Corporation* (1958), 153 Me. 339, 138 A.2d 625; *Getchell v. Lane Construction Corporation* (1958), 153 Me. 335, 138 A.2d 629.

They held that the entire uncompleted portion of a turnpike not open to the public was the road contractor's premises, and that an injury 16 miles from the claimant's actual working area was within the course of employment. The employee could have used a public highway, however, there was no company rule prohibiting employees from traveling on the turnpike which was closed to the public.

The facts of the Maine cases are very similar to the one before us and the same result is warranted. The accident occurred on Edison's premises and arose out of and in the course of Teagarden's employment.

Secondly, Edison contends that because Teagarden was committing a misdemeanor, the recovery of benefits is barred. While it is true that commission of a felony or misdemeanor does bar recovery, the evidence in this cause establishes that Teagarden was not committing a misdemeanor.

IC 1971, 8–11–6–8 (Burns Code Ed.) makes passing by barriers guarding high-

way improvements under construction a misdemeanor. However, IC 1971, 8–11–6–10 provides for exceptions to the act, one of which is a person who has lawful business on a closed highway. Teagarden was a construction worker working on a highway under construction. What more lawful business could there be on a closed highway than the construction of that highway? Teagarden clearly falls within this exception.

IC 1971, 9–4–1–74 (Burns Code Ed.) prohibits wrong way travel on a divided highway. At the time of the accident, Teagarden was in the left-hand lanes of the roadway.

However, a highway is defined at IC 1971, 9–4–1–14 as being open to the use of the public for purposes of vehicular travel. There is no question but that at the time of the accident, the road was closed to the public and thus IC 1971, 9–4–1–74 does not apply in this situation.

As herein discussed the evidence was sufficient to support the award of the Full Industrial Board and the award was not contrary to law. Thus, the award is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.