JOHN DISTEFANO, an Infant, by GAETANA DISTEFANO, His Guardian ad Litem, Respondent, *v.* STANDARD SHIPBUILDING CORPORATION, Appellant.

GAETANA DISTEFANO, Respondent, *v.* STANDARD SHIPBUILDING CORPORATION, Appellant.

First Department, November 3, 1922.

Workmen's Compensation Law — assault by special officer engaged by defendant while employee was boarding defendant's boat for transportation home — free transportation part of contract of employment — injury was received in course of employment and exclusive remedy is under Workmen's Compensation Law.

The infant plaintiff received his injuries in the course of his employment and his remedy is exclusively under the Workmen's Compensation Law, where it appears that he was employed at a shipbuilding plant; that as a part of the contract of employment he was given free transportation on one of defendant's boats to and from defendant's plant; that the injury complained of was caused by an assault upon the infant plaintiff by a special officer, engaged by the defendant, after the plaintiff had completed his day's work and while he was attempting to board the vessel by climbing over the railing instead of by the gangway.

APPEAL by the defendant, Standard Shipbuilding Corporation, in each of the above-entitled actions, from a judgment of the Supreme Court in favor of the plaintiff in each action, entered in the office of the clerk of the county of Bronx on the 1st day of July, 1921, upon the verdict of a jury for $750 and $250, respectively.

*Benjamin C. Loder* [*William B. Davis* of counsel; *E. C. Sherwood* with him on the brief], for the appellant.

*Attilio De Cicco* [*Michael Schneiderman* of counsel], for the respondents.

10

GREENBAUM, J.:

The actions were brought to recover damages for personal injuries alleged to have been sustained by the infant plaintiff, an employee of the defendant, on the 4th day of November, 1918, as a result of an assault alleged to have been committed upon him by a special officer in the employ of defendant.

One of the actions is on behalf of the infant plaintiff and the other by his mother for loss of services. The actions were tried together by stipulation.

The defendant is a corporation engaged in the business of shipbuilding. The infant plaintiff was employed by it in its business and was working on the construction of a ship, which was not yet afloat, as a passer of rivets in its shipyard on Shooter's Island.

The infant plaintiff lived in the borough of. The Bronx and with hundreds of other employees made the journey to and from Shooter's Island and South Ferry daily in one of two boats, the *Homer Ramsdell* and the *Homestead,* which were provided for its employees by the defendant. Each employee had a badge and was required to show the badge before being allowed to board the boat, paying no fare for his transportation. These boats landed at the defendant's dock inside its shipyard in the morning and started from there at night on the return to South Ferry.

The infant plaintiff testified that on November 4, 1918, he quit work at the usual time and when he got to the landing the boat was there; that he saw a crowd of employees at the gangway and noticed a number of men going over the railing to get on the boat, who were being assisted in their efforts to board the vessel by some of the uniformed guards; that he also climbed the rail and while he was almost aboard with one foot inside the railing and the other foot outside, one of the guards named Miller seized his foot, which was outside, with one hand and beat it with a club which he held in the other hand, striking him six or eight blows, after which, as the boat was starting, the officer gave him a lift to get him aboard the boat and then turned away laughing.

The uncontroverted evidence was that the infant plaintiff at the time he was hired was promised that he would be transported free to and from the island where the defendant's plant was located and that he was thus transported daily. It was also shown that these boats at the time were used by defendant exclusively for transporting its employees between Shooter's Island and South Ferry.

Miller was a sergeant of a number of special officers who were appointed by the police department and given badges but who worked for and were paid by the defendant for their services. The duty of these special officers was to maintain order among

the workmen on board the boats and to assist the captain of the boat in seeing that the boat was not loaded beyond its lawful capacity.  The practice was that as the workmen were getting aboard, the captain stationed himself at the gangway with a counting device which he called a " ticker," which enabled him to count the passengers.  It was thus required that the passengers should all board the boat at the gangway.

Upon the foregoing facts appellant contends that the plaintiffs were entitled to no remedy beyond that provided by the Workmen's Compensation Law.  Section 10 of that law in force in 1918 provided that " every employer subject to the provisions of this chapter shall pay or provide as required by this chapter compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury," etc.   (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 10.)   Subdivision 7 of section 3 of that law (as amd. by Laws of 1917, chap. 705) defines " injury " and " personal injury " to mean " only *accidental* injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom."

Section 10 of the present Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1922, chap. 615) omits the word " accidental," but that word remains in said statute by virtue of the definition of " injury " and " personal injury " contained in subdivision 7 of section 2 thereof, which continues the definition quoted from subdivision 7 of section 3 of the former statute.   The courts in this State, however, have held that an injury to an employee resulting from an assault occurring in the course of his employment was accidental within the meaning of the Workmen's Compensation Law in effect at the time of the injury in suit. (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148; *Matter of Knocks* v. *Metal Packing Corporation,* 231 id. 78.)

In the *Heitz Case* (*supra*) the claimant was slapped on the shoulder by one Guth and as claimant turned around Guth's finger stuck in claimant's left eye causing injuries by reason of which it was necessary to remove the eye.   The court said: " That the injury was accidental within the meaning of the statute seems clear.   It was a sudden and unlooked-for misfortune, and the purpose of the act is to insure the workman at the expense of the employer against personal injuries not expected or designed by the workman himself, provided such injuries arise out of and in the course of employment."

In the *Knocks Case* (*supra*) the claimant was an oiler of machinery. The foreman of the defendant's plant found that a machine upon which the .claimant was working was running defectively because it had been improperly oiled by the claimant. When told by the foreman that he was responsible for the defective condition, claimant called him a " liar," whereupon the foreman assaulted him, causing him serious injury to his eye. The Court of Appeals affirming the award of the Industrial · Commission in granting the award of compensation said: " The injury to the claimant's eye was not designed, intended or expected. It was an unlooked-for and untoward event and an accident within the meaning of the act. The assault by the foreman arose out of and in the course of the claimant's employment. * * * In the case now before us the controversy was in the factory during working hours and about the employer's work and the manner of doing it. The assailant was the foreman of the factory and concededly acting as such at least up to the moment of the assault. * * * The claimant's use of an irritating word in making his denial did not, however, justify either in law or in fact an assault upon him by the foreman. The foreman's duty as such to exercise reasonable discipline over the employees of the factory made possible a lack of discretion in performing such duty. The assault by the foreman was incidental to his employment as such. It grew out of his performance of his duty as foreman for the employer. * * * The employer should be responsible for an excitable and violent foreman in the prosecution of his duties as such, at least until there is sufficient interruption in the performance of such duties as to justify the conclusion that the foreman had abandoned his employment and that the assault was an independent and individual act, as distinguished from acts within the terms of his employment."

In view of these authorities it seems clear that the injury sustained by the plaintiff falls within the Workmen's Compensation Law, unless for some reason it is excepted therefrom. The appellant claims that it is not within the exceptions and that the injury happened under circumstances which bring it exclusively within the Workmen's Compensation Law. The respondent contends that since the injury occurred on the boat after the plaintiff had stopped working for the day, it did not happen in the course of his employment. The facts in this case fall within the holding of the Court of Appeals in *Matter of Littler* v. *Fuller Co.* (223 N. Y. 369) and *Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.* (229 id. 489).

In the *Littler Case* (*supra*) the claimant was on his way to and from his place of work in a conveyance provided by the employer for the special purpose of transporting its employees in order to

secure their services. The court held that the employee injured in the course of the journey was entitled to compensation on the theory that the employer's plant was in a way extended so as to include the conveyance.

In *Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.* (*supra*) the court held upon the facts there appearing that the Workmen's Compensation Law did not apply. It, however, stated (at pp. 492, 493) as follows: " The contract of employment did not obligate the company to transport him. In enjoying or exercising the permission he adopted his own will and choice and served his own convenience. The company was indifferent as to the way or means by which he reached the place where the day's work began. It did not contract that he should ride to and from work or pay him for the time through which he was riding. The transportation was not an incident of the employment. The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate. If they do not so stipulate the employee. when he enters into the process of the transportation is not under the hiring or control or in the employment of the employer and is not the employee." (Citing many authorities, including the *Littler Case, supra.*)

The facts in the case before us establish that the transportation by means of the boat where the injury occurred was an incident of the employment as stipulated by the defendant.

The judgments should be reversed, with costs, and the complaints dismissed, with costs.

CLARKE, P. J., DOWLING, PAGE and FINCH, JJ., concur.

In each case: Judgment reversed, with costs, and complaint dismissed, with costs.