In the Matter of the Claim of ANNA M. SCHULTZ, Respondent, against THE BEAVER PRODUCTS COMPANY, INC., Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 16, 1928.

Workmen's compensation — injury arising out of and in course of employment — employee fell from employer's truck and was killed — employees were permitted to ride — contract of employment did not contemplate transportation — decedent was not in course of employment when killed.

The decedent was an employee at a mill. While riding towards his home on one of his employer's trucks he fell therefrom and was killed. The truck was not for the purpose of transporting employes, but employees were permitted to ride towards their homes as a matter of convenience to them. There was no contract for transportation, and, therefore, since the decedent was on his way home and was using the truck for his own convenience, he was not in the course of his employment when he was killed.

HASBROUCK, J., dissents.

APPEAL by The Beaver Products Company, Inc., from an award of the State Industrial Board, made on the 27th day of September, 1927.

*Kenefick, Cooke, Mitchell & Bass* [*William M. Fay* of counsel], for the appellant.

*John F. Ryan,* for the claimant, respondent.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

WHITMYER, J. On May 18, 1927, on his way home from his employer's plant in an auto truck owned and operated by the employer, deceased fell from it and struck his head on the pavement at a place about 300 feet from the entrance to the plant, and sustained a fracture of the skull, which resulted in his death. He

was mill foreman and was riding on the running board. The Board found that transportation to his home was a part of his contract of employment. Whether it was or was not is the only question. The employer had 427 men in its employ and 309 of them lived in or toward Akron, about a mile away. The men quit work in three shifts at four-thirty, five-thirty and six P. M. and there were 94 in the four-thirty shift. Deceased was in the four-thirty shift. The company owned a Reo truck, with a stake body and without seats, except one for the driver. One of the driver's duties was to go to the office at four-thirty P. M. each day for a sack of mail, to be taken to the post office. That was his only definite afternoon trip. As soon as he got it he started and employees who happened to be there at the time, if they desired, would get on and ride toward home. The same men and the same number of men did not always ride and the driver did not wait for any particular men. Sometimes not more than two or three would ride and at other times the number might be twelve or more. At times the deceased rode, but not all of the time and the driver never waited for him. He had not been instructed to carry men at all, nor had he been instructed to carry or wait for deceased. He had been instructed to go down to the post office in the morning and pick up men who might be there, and take them to the plant, but had no instructions to carry them away at night, except in the case of some outside men engaged in construction work, when that was under way and when he was instructed to take them at five-thirty P. M. Deceased never rode in the morning. If the driver did not take the mail, he quit at four-thirty P. M., and would put the truck in the garage. He was paid by the hour. And the superintendent knew that men were riding. Thus it appears that the employer permitted deceased to ride from his work in its truck without charge. It was not obliged to furnish transportation under its contract and, in riding, he was serving his own convenience. Transportation was not a part or an incident of the contract of employment. So that deceased was not in the course of his employment when he was killed. (*Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.,* 229 N. Y. 489, 492; *Matter of Littler* v. *Fuller Co.,* 223 id. 369, 371; *Distefano* v. *Standard Shipbuilding Corporation,* 203 App. Div. 145; *Stimal* v. *Jewett & Co.,* 205 id. 170, 173.)

The award should be reversed.

VAN KIRK, P. J., HINMAN and HILL, JJ., concur; HASBROUCK, J., dissents.

Award reversed and claim dismissed, with costs against the State Industrial Board.