In the Matter of the Claim of JOE PARISI, Respondent, against WHITMORE, RAUBER & VICINUS, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 27, 1930.

*Raines & Raines* [*Charles J. O'Brien* of counsel], for the appellant

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

PER CURIAM. The sole issue is whether claimant was in the course of his employment at the time of his injury. On August 31, 1928, at five-five P. M., which was five minutes after quitting time, claimant was attempting to board an automobile truck of his employer. The truck started while he was so doing and be fell to the ground causing injury to his leg and one of his fingers. The men were paid from the time they started work at eight A. M. until they stopped work at five P. M. The employer was constructing a sewer for a new street which had not yet been opened. The truck carried an air compressor machine for use on the job. The men could take a street car to a point about fifteen minutes walk from the job, but it was customary for some of the men, including claimant and the foreman, to ride back and forth on the truck by permission of the driver on the days when the truck went to this job. The employer had, however, forbidden the drivers to carry passengers. Transportation was not a part or an incident of the contract of employment. (*Matter of Schultz* v. *Beaver Products Co., Inc.*, 223 App. Div. 582; affd., 250 N. Y. 565.)

The Board has apparently concluded that the *Matter of Schultz* case has no application on the theory that claimant was injured " while working on premises," which is the finding made by it. · And the Board apparently relied on *Matter of Gillette* v. *Rochester Vulcanite Paving Co.* (224 App. Div. 319; affd., 249 N. Y. 608). There is, however, no evidence to sustain the finding that the accident happened to claimant " while working on premises." The accident happened on a public street a short distance away from the premises. They were drilling and digging for a new sewer for a street not yet opened and there was a road leading from the public street where the accident happened to the place where the work was being done. Before quitting time, claimant had loaded all the tools on the truck. At that time the truck was located right at the job and in this road. In order to get to the public street the truck was then backed down the road to the street. It was standing in the public street at the time claimant attempted to board it. The time was five minutes after quitting time and the other workmen with one exception were already on the truck. His day's work had been completed. He had definitely left the employer's premises behind him. He had joined the general public in the public street nearby and was on his way home. (*Matter of Schultz* v. *Beaver Products Co., Inc., supra; Matter of Kowalek* v. *N. Y. Con-*

*solidated R. R. Co.*, 229 N. Y. 489.) He was not injured in the course of his employment.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.