## THIRD DEPARTMENT, JULY, 1934.

In the Matter of the Claim of NORAH L. WHITE, Respondent, against CONSOLIDATED AIRCRAFT CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Award reversed and claim dismissed, with costs to the appellant against the State Industrial Board, upon the ground that the accident did not arise out of and in the course of the employment. The deceased was a plant worker; the accident happened in the street, not within the confines of the employer's premises. The risk of travel was not a risk of the employment. (See *Matter of Marks* v. *Gray,* 251 N. Y. 90; *Matter of Kowalek* v. *New York Cons. R. R. Co.,* 229 id. 489; *Matter of DeVoe* v. *N. Y. State Railways,* 218 id. 318; *Matter of Parisi* v. *Whitmore, Rauber & Vicinus,* 230 App. Div. 140; *Matter of Carter* v. *Gordiner & Warring Co.,* 230 N. Y. 597.) Rhodes, McNamee and Crapser, JJ., concur; Hill, P. J., dissents, with a memorandum, in which Heffernan, J., concurs.

HILL, P. J. (dissenting). The workman received his injury while walking along a drive provided by the employer for that purpose. He had left the sidewalk where his perils would have been those common to all. It is immaterial that a portion of the drive was over city owned lands. The exact location of the fall is not fixed. I see no great materiality as to which side of the unmarked line that divided the employer's land from the city land the fall occurred. It occurred at a point where the workman had gone on the invitation of the employer and was " a necessary concomitant of his employment." (*Cudahy Co.* v. *Parramore,* 263 U. S. 418; *Matter of Lynch* v. *City of New York,* 242 N. Y. 115; *Matter of Field* v. *Charmette K. F. Co.,* 245 id. 139.) Heffernan, J., concurs.