In the Matter of the Claim of ELIZABETH MCLAUGHLIN, Respondent, against ALCO GRAVURE DIVISION OF PUBLICATION CORPORATION et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. [See *ante,* p. 839.] All concur.

In the Matter of the Claim of MARY PARSONS, Respondent, against DESPATCH SHOPS, INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Motion for reargument denied. [See *ante,* p. 840.] All concur.

In the Matter of the Claim of MARION JOHN, Respondent, against FAIRMONT CREAMERY COMPANY et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. [See *ante,* p. 840.] All concur.

In the Matter of the Claim of CHARLES WILSON, Respondent, against AMERICAN VALVE COMPANY et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. [See *ante,* p. 841.] All concur.

In the Matter of the Claim of HULET BURTON, Respondent, against KATHERINE E. MALLOUK et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision and award of the State Industrial Board in favor of the claimant and against the employer and insurance carrier. The sole question involved is whether the injuries sustained arose out of and in the course of employment. Appellants contend that claimant was acting solely in his own interest at the time of the accident because the piece of furniture, which he had moved, had been given to him. There is evidence that he had been directed to remove the furniture from a storeroom, and the Board might legitimately infer that he was acting within the scope of his employment until the article in question had been completely and safely set at rest. Award affirmed, with costs to the State Industrial Board. All concur.

In the Matter of the Claim of LUCY WILSON et al., Respondents, against AMERICAN RADIATOR & STANDARD SANITARY CORPORATION, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by self-insured employer from an award of death benefits. Decedent was an aged man working as a watchman. When not otherwise engaged, he cut tin into small squares with a machine located in the small building which he occupied as a watchman. He told his wife that he was injured while lifting a keg containing these tin squares. Corroboration is found in the fact that his wife saw blood upon his leg when she undressed him, and there was medical testimony of a tear in the bowel. His hernia was active and strangulated. Assuming the injury, the medical testimony sustains the award. Award affirmed, with costs to the State Industrial Board. All concur. [See *post,* p. 1072.]