In the Matter of the Claim of ISABEL W. NYULASSEY, Respondent, against CITY OF NEW YORK, Appellant, and KINGSTON HOSPITAL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the City of New York from a decision of the Workmen's Compensation Board apportioning an award of compensation against the Kingston Hospital and its insurance carrier, the State Insurance Fund, and the City of New York. Claimant had been employed as a nurse at the Kingston Hospital, and Bellevue Hospital in the City of New York. At some time she contracted tuberculosis. The disease became active after a period of apparent quiescence. Her last employment was at the Bellevue Hospital from November 1, 1942, to January 12, 1943, during which time she was directly exposed to patients who were suffering from active stages of the disease. The board has found that the reactivation of the disease and claimant's disabling condition were causally related to the last period of employment and exposure. There is evidence to sustain this finding. In view of the particular nature of the disease and the facts of the case we find no reversible error in the referee's application of section 44 of the Workmen's Compensation Law here and its affirmance by the board. Decision affirmed, with costs to the State Insurance Fund. All concur. [See 271 App. Div. 757.]

In the Matter of the Claim of MARIUS FREDRICKSON, Respondent, against LEDKOTE PRODUCTS Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award by the employer and carrier. The employee at the close of his day's work entered a cellarway or basement to obtain refuse wood which he contemplated taking to his home for fuel. This was done with the knowledge and at the request of the employer. Some benefit accrued to the latter by having this refuse removed from the plant. Under such circumstances the injury was received in the course of the employment and it also arose out of it. (Matter of Younger v. Motor Cab Trans. Co., 260 N. Y. 396; Matter of Burton v. Mallouk, 268 App. Div. 935.) Award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of GERTRUDE SCHELL, Respondent, against HASKETT TOOL & ENGINEERING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from an award in claimant's favor. Claimant was employed as a drill press operator and on January 10, 1945, while she was engaged in the regular course of her employment, holding a jig and while attempting to drill, the drill vibrated and the jig struck her left hand. The board found that as a result she sustained accidental injuries in the nature of a one-inch long dumbbell-shaped cystic mass containing a gelatinous substance on the dorsum of her left wrist resulting in a ganglion of the left wrist. The evidence sustains the findings. Award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of JAMES WHITTLEY, Respondent, against KAPPIE MOTORS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the noninsured employer from an award to claimant-respondent for an accidental injury. The board found that claimant was an employee of appellant and that appellant was engaged in a hazardous business within the meaning of the Workmen's Compensation Law. There is evidence to sustain these findings. Award affirmed, without costs. All concur. [See post, p. 1058.]