In the Matter of the Claim of Susan Scott, Respondent, against U. S. O. Camp Shows, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Claimant was employed as a dancer by the U. S. O. Camp Shows, Inc. She had been engaged for three months finishing at Illisheim, Germany. The employer gave her a vacation with pay for a week and obtained United States Army traveling orders for Paris. While under the instructions of her employer and while returning to her work at Frankfort she received the injuries. Her injuries were received in the course of her employment. (*Matter of Lepow* v. *Lepow Knitting Mills,* 288 N. Y. 377.) Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Heffernan, Brewster and Foster, JJ., concur; Deyo, J., dissents.

In the Matter of the Claim of Charles E. Britton, Appellant, against Louis Mayersohn et al., Respondents. Workmen's Compensation Board, Respondent.— This is an appeal by claimant from a decision of the Workmen's Compensation Board which disallowed his claim. The board found that on the 8th of September, 1941, claimant was employed as a truck driver and that while engaged in his employment he sustained a partial coronary thrombosis. No notice was given to the employer within the time prescribed by law and the board found that failure to give such notice could not be excused and that the employer was prejudiced by the failure to give notice. The board also found that claimant failed to file a claim for compensation within two years from the date of the alleged accident and that it was powerless to extend the time to file such claim. The decision of the Workmen's Compensation Board is sustained on the proof. Decision unanimously affirmed, without costs: Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

In the Matter of the Caim of Evelyn Milberg, Respondent, against Behr-Manning Corporation et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by employer and its insurance carrier from an award of compensation for temporary total disability. The issue is whether the accident which caused the disability arose out of and in the course of claimant's employment. Claimant was a plant worker. She had no duties to perform that required her presence upon the public streets. On the day of the accident she had left the plant and was returning to her home. It has been found, and we assume it to be the fact, that when she was some distance from the plant, and upon a public street, she decided to return to see if the public address system there had been turned off. It was a part of her duties to look after such a matter. As she turned around she slipped and fell, and received the injuries for which compensation has been awarded. On the facts as found by the board we are of the opinion that, as a matter of law, her accidental injuries did not arise out of and in the course of her employment. Claimant was in no different position than if she had been on her way to work at any time, or had reached home and then decided to return to the plant to look after the public address system. The risk of street travel was not a risk of her employment. (*Matter of White* v. *Consolidated Aircraft Corp.,* 242 App. Div. 712, and cases there cited, affd. 266 N. Y. 554.) Award reversed as a matter of law and claim dismissed, with costs against the Workmen's Compensation Board. Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ., concur.