In the Matter of the Claim of ANTHONY KWAPICH, Respondent, against ALUMINUM CO. OF AMERICA, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from a decision and award of the Workmen's Compensation Board granting disability benefits to injured employee. The employer maintained a parking lot for the exclusive benefit of its employees located immediately adjacent to its plant. However, a high wire fence separated the parking lot from the plant area, so that it was necessary for employees leaving the plant to go through a main gate and travel 140 feet on a public highway to enter the parking lot. Upon finishing his work at the plant claimant customarily proceeded by the most direct route and by the route made necessary by the employer to the parking lot to enter the car of a coemployee to ride to his home. On the occasion involved here claimant proceeded from the plant directly to the parking lot, and while on the parking lot fell and sustained injuries. The accident occurred within five minutes after the employee had actually left his work in the plant. It has been held time and again that injuries sustained in entering or leaving the employer's premises are an incident to the employment and are compensable. Appellant's contention that by walking 140 feet on a public sidewalk claimant took himself out of the course of his employment is a strained construction and is without merit. Claimant's injuries were sustained because of a risk involved in the employment, upon the employer's premises, and were incidental to the employment. (*Matter of Fredrickson* v. *Ledkote Products Co.*, 270 App. Div. 970; *Matter of Lynch* v. *City of New York*, 242 N. Y. 115; *Matter of Manville* v. *New York State Dept. of Labor*, 294 N. Y. 1.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

In the Matter of the Claim of GIUSEPPE RAPISARDI, Respondent, against RIALTO SHOE CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was engaged in a shoemaking plant pulling shoes from wooden lasts on which they were shaped and tacking on insoles. This had been his work for some months, but the board found that on December 13, 1950, the work of pulling shoes from the lasts involved unusual strain because the lasts had not been waxed for some time and therefore required greater than usual physical effort to remove. He suffered a heart attack which has been associated by medical opinion with the additional strain. After suffering the first attack of pain claimant rested and started to work again and after working a short time he " began to feel the pain again ". Such a record admits of the finding that was made that the condition was accidental in origin. (Cf. *Matter of Kehoe* v. *London Guar. & Accident Ins. Co.*, 303 N. Y. 973.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.