Appeal from a decision and award of the Workmen’s Compensation Board. Claimant was employed as a chemical press operator in a chemical plant in Buffalo. A parking lot was, provided as part of the facilities furnished claimant 'by the employer in connection with the employment. This was separated from the plant where claimant worked by intervening public streets and was about two blocks away. On February 5, 1955 after claimant left the plant building on his way to the employer’s parking lot, and was walking on the, public sidewalk in front of the plant building, he slipped and fell on some broken glass which had fallen from a window of the plant on the sidewalk. An award of compensation has been made; and the employer and its carrier appeal on the ground claimant’s fall did not, arise out of and in the course of employment because he had completed his work, left the employer’s premises and was on the public street when the accident occurred. We: are of opinion, however, the board was right in holding that the employment continued until the claimant had used the- employer’s facility provided for the purpose: of aiding his transportation to and from employment. The ease should be governed by principles that would apply, for example, if the employer had provided a cloakroom or a rest room or similar facility on the other side of the public walk and the employee was injured getting there. We- have heretofore held that an employee injured while physically om such a parking lot is within his employment (Matter of Kwapich v. Aluminum Co. of America, 282 App. Div. 972). It would seem to: follow that he would he similarly in the course of employment getting to the lot. Gases where public sidewalk injuries have not been held compensable involve situations in which the employee is deemed to have detached himself from the employment or not yet to have attached himself to it when injured on the public street. Matter of Amento v. Bond Stores (274 App. Div. 863) and Matter of Pomakoy v. American Locomotive Co. (277 App. Div. 823) are examples. The decision in. Matter of Milbeng v. Behr-Manning Corp. (274 App. Div. 862) has some superficial resemblance to the ease before us because claimant was going back to perform a forgotten duty for employer after she had left the premises; but it, is distinguishable in the circumstances that her forgetting and turning in the public street to go back was not the result of any act or provision of facility by the employer. Award unanimously affirmed, with costs, to the Workmen’s. Compensation Board.
Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.