In the Matter of the Claim of SIGMUND MOSKOWITZ, Respondent, against ROCCO GRANATA et al., Appellants, and COLEMAN GARAGE, INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 10, 1959.

*John H. Roberts* for appellants.

*Louis J. Lefkowitz, Attorney-General (Roy Wiedersum* and *Edward A. Bailey* of counsel), for Workmen's Compensation Board, respondent.

*Goldstein & Grossman* for claimant-respondent.

*Per Curiam.* The Workmen's Compensation Board has found that claimant, a taxi driver, was an employee of appellant Granata at the time of his injury November 30, 1952. Appel-

lants argue on appeal that this finding is not supported by substantial evidence.

The proof is that appellant employer owned one taxicab which he entrusted to Charles Muller, an owner of other taxicabs, to operate for him. This arrangement was made on appellant's behalf by an agent (appellant's lawyer and insurance broker) who was interested in keeping the cab in operation so as to preserve the hack license.

Appellant employer never appeared or testified in this proceeding but his lawyer-agent testified that Muller, the taxi owner to whom he entrusted the cab, had authority to operate it and authority to hire an operator. He testified: "I got Charles Muller to take the cab over to Coleman's Garage and to operate it."

The board could readily find that Muller hired claimant to operate Granata's cab; took the receipts from claimant, and paid claimant commissions.

Claimant did not know Granata, but it is clear that agents authorized by this appellant hired claimant; and, indeed, claimant first discovered that appellant was the owner of the cab he drove because of a previous motor vehicle accident involving this cab while claimant was actually operating it, under the complex arrangement here involved, in which it became necessary to disclose ownership. Mr. Muller testified that "the taxi business is a funny business".

There is also proof that appellant employer filed Federal forms showing wages paid and deductions made for claimant during 1952. Muller testified unequivocally that claimant was operating appellant employer's cab on November 30: "On that particular day he was working for Rocco Granata". The trip records usually kept for such an operation had been destroyed by Muller. The issue of employment presents a question of fact and the record fully justifies the finding of employment.

The second issue raised by appellants is whether the accident occurred in the course of employment. The cab was operated from a garage to which it was returned at the end of the day. Muller operated from this garage and claimant was required to make reports there to Muller.

The garage was thus the "premises" of the employer to which claimant, as an outside worker, reported. Claimant testified that he reported at the office of the garage at the end of the day, "checked out", went outside, but remembered "as soon as I walked out from the office" that he had forgotten his photograph in the cab, "went back to the office" to find

out about the photograph and "to tell him * * * the next day, I am not coming to work". He said he was told the cab might be outside the garage.

On his way out of the garage to look for the cab he fell on some ice on the garage driveway and was injured. Claimant testified this was not on the sidewalk, but we deduce from his testimony it was on the driveway crossing the sidewalk. He said it was a car length from the garage door. The board could find on this proof that looking for the cab to get the photograph was, for an outside worker, an act still in the course of employment.

If the board believed he had gone back to the garage office to report to his employer's agent about his next working hours, the return to the premises could be found to have been in the course of employment.

Even if it be held that claimant had intended to start home when he fell, the accident could be found still to have been sufficiently related to the employment and the employer's premises as to bring it within the course of employment, since it could be found the driveway was a part of the facilities connected with the garage which was, for the purposes of this employment, the "premises". (See *Matter of Gaik* v. *National Aniline Div.*, 5 A D 2d 1039; *Matter of McDermott* v. *Healy Co.*, 4 A D 2d 903; *Matter of Harrigan* v. *New York City Tr. Auth.*, 1 A D 2d 635; *Matter of Cutie* v. *Doge Co.*, 1 A D 2d 857; *Matter of Cain* v. *Paramount Theatres Corp.*, 286 App. Div. 907; *Matter of Kwapich* v. *Aluminum Co.*, 282 App. Div. 972; *Matter of Klein* v. *Louis Candel, Inc.*, 280 App. Div. 1029.)

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.