13 N.Y.2d 163 (1963)
In the Matter of the Claim of William Markoholz, as Guardian of William Martino and Others, Infant Children of Michael Martino, Deceased, Appellant,
v.
General Electric Company, Employer, et al., Respondents. Workmen's Compensation Board, Respondent.
Court of Appeals of the State of New York.
Argued October 3, 1963.
Decided October 10, 1963.
Abraham Markhoff for appellant.
George B. Smith for General Electric Company and another, respondents.
No appearance for Workmen's Compensation Board, respondent.
Judges DYE, FULD, BURKE, FOSTER and SCILEPPI concur with Chief Judge DESMOND; Judge VAN VOORHIS dissents and votes to affirm upon the memorandum opinion of the Appellate Division.
*164 Chief Judge DESMOND.
Michael Martino, on behalf of whose three children this workmen's compensation death claim was filed, was in 1959 an employee of respondent General Electric Company at Schenectady, N. Y. He and his wife were killed in an airplane crash on a flight from Milan to Paris six days after the close of an international conference held in Paris and which Martino, before going to Italy, had attended at the request of and at the expense of his employer and with the permission of the United States Atomic Energy Commission. The claim was contested by the employer and carrier on the asserted ground that the accidental death did not arise out of or during *165 his employment since at the time of the fatal plane crash Martino was in fact returning to Paris from a vacation trip. The Referee rejected the claim but the Workmen's Compensation Board allowed it, holding that under the circumstances Martino's visit to a country other than France was a reasonable activity within the area of the work which had taken him to Paris and that his death was a risk of his employment. The Appellate Division reversed, the majority being of the view that during Martino's week's vacation (June 21 to June 27) he was on a purely personal venture.
One Justice dissented, suggesting that the case should be remitted to the board for further proof as to whether when he left Milan Martino had begun his homeward journey to New York and Schenectady with a brief stop only at Paris and had thus resumed his employment. Claimant appeals here as of right.
We order a reversal and reinstatement of the claim, being of the opinion that the record contains factual justification for the board's holding of "arising out of and in the course of his employment" and that the Appellate Division should not have held on the law that this finding was without support.
The principal facts were stipulated and are tersely summarized in the Appellate Division memorandum as follows: "Decedent had spent the period from June 15 to 20, 1959, attending a conference in Paris, France, at which he represented the employer. The employer agreed to pay his transportation from New York to Paris, his hotel and personal expenses while at the conference, and his return fare from Paris to New York. Decedent also had permission to take his wife with him to Europe and to take a week's vacation from June 21 to June 27, 1959, after the Paris conference had concluded. However, decedent was to pay all of his wife's transportation and other expenses, and was to pay all expenses for both himself and his wife during the vacation week. Following the Paris conference decedent and his wife went to Milan, Italy, where they spent the week's vacation, and while they were returning by commercial plane from Milan to Paris where they were to take another plane for New York, the plane crashed on June 26, and both were killed." To that summary we add other material which appears in the *166 record and which shows the following itinerary arranged for and followed by Martino and his wife:

 "Lv. Paris June 20 5.50pm UT715
 Arr Nice 7.55pm
 Lv. Milan June 26 5.05pm TWA891
 Arr Paris 7.00pm
 Lv. Paris 10.00pm TW801
 Arr New York 27 7.25am."

That means that the Martinos, after having left France for Italy when the conference ended on June 20, stayed in Nice and in Italy until the afternoon of June 26 on which date they left Milan at 5:05 P.M. on a TWA flight for Paris which was due in the latter city at 7:00 P.M. but crashed en route, and that they were booked to fly out of Paris at 10 o'clock that same evening on another TWA flight due to arrive in New York the next morning.
The courts are bound by the Workmen's Compensation Board's fact findings which, including the ultimate fact of "arising out of and in the course of", must stand unless erroneous in law and whether or not conflicting inferences are available (Workmen's Compensation Law, § 23; Matter of Glielmi v. Netherland Dairy Co., 254 N.Y. 60, 64). Applying that concept to this case, the award must stand if there is support for the board's finding, made here as it was made in Matter of Scott v. U. S. O. Camp Shows (274 App. Div. 862, affd. 298 N.Y. 896), that the employee had returned to the employment when the accident happened. The Scott case is a controlling and convincing authority for reversal of the order now on appeal. Susan Scott was a professional dancer employed to do U. S. O. shows for United States soldiers in Europe. It was a term of her contract that after three months in the American occupation zone in Germany she was to have a week's vacation with pay. When that vacation time began at the close of a performance she with other members of the cast went on an automobile trip to Paris for sightseeing and shopping. A week later while returning by automobile to Germany to resume her performances she was injured in an automobile accident. The Workmen's Compensation Board, the Appellate Division and this court held that the authorized and paid vacation was an incident of *167 her employment, especially since the accident occurred when she was on her way back to the place where she would resume work. It is true that in the present case Martino's journey from Milan back to the United States was to be broken by a stopover in Paris but that interruption was for three hours only and he was to continue on a plane of the same airline which had transported him from Milan. If he could have booked a direct flight from Milan to New York there would probably be no dispute of the claim. But the actual stopover in Paris was not to carry out some separate private purpose of Martino's but came about because of the way his tour was worked out by a travel agency. The employer itself recognized this when in its first report of injury in response to the question "What was employee doing when accident occurred?", it answered "Returning from trip which involved attendance at International Conference on Information Processing, Paris, France (June 15-20) & vacation (June 22-26)". This confirms the fact that he was on a return journey to his work in Schenectady via Paris whither his employer's business had taken him.
The rule of coverage applied in our decisions in Matter of Scott v. U. S. O. Camp Shows (298 N.Y. 896, supra) and Matter of Lyons v. U. S. O. Camp Shows (298 N.Y. 897) are not to be limited to traveling actors. Martino, too, was, like claimants Scott and Lyons, on his way to resume his employment when the disaster occurred and it follows that he, too, must be deemed to have been in the employment for purposes of compensability.
Matter of Davis v. Newsweek Mag. (305 N.Y. 20, 24-26) rejected the compensation claim but only because the travels of Davis "though * * * twofold in purpose, were predominantly in furtherance of the personally motivated vacation trip, except for which he would not have gone". It is clear from the Davis record that he and his wife were on a vacation trip with no obligation to write any articles for his employer but a vague thought that he should do so if he cared to. Relevant here is Matter of Lewis v. Knappen Tippetts Abbett Eng. Co. (304 N.Y. 461) where the employee, hired to work in Israel and having completed his work there, went off on a sightseeing trip without any particular permission from his employer during the course of which he was shot and killed by an Arab soldier. This court pointed out in Lewis that he *168 and the claimants in Matter of Scott v. U. S. O. Camp Shows (298 N.Y. 896, supra) and Matter of Lyons v. U. S. O. Camp Shows (298 N.Y. 897, supra) were all on personal vacation trips but returning to work when injured or killed. In Lewis, as here, the argument was that the journey during which Lewis was shot "was a voluntary one unrelated to the employment and undertaken by decedent for his own pleasure" (304 N.Y. 461, 466). We, rejecting this, said that "the courts have been most reluctant to come to such a conclusion (if indeed, they have ever so come in any reported case) in situations where the employment is far from home, the employee has no fixed hours, excursions to nearby places of interest are available and expected, and where the employment itself exposes claimant, generally, to the risk." We noted in the Lewis opinion (p. 467) that claimant when killed by a random bullet was "waiting passage to Greece" where he had another business engagement for his employer.
We see no necessity for remitting the case for further proof with respect to the question whether Martino had begun his homeward journey when he left Milan. There is enough in this record to justify an inference that he had. The Workmen's Compensation Board validly drew that inference.
The order should be reversed and the award reinstated, with costs to appellant in this court.
Order reversed, with costs against respondent and carrier, and the award of the Workmen's Compensation Board reinstated.