In the Matter of the Claim of REUBENA CAMARO, Respondent, v. EDGAR STARBUCK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant worked in employer's household as a domestic. A walk led from the front door of the house to a public sidewalk on the street. The front line of the employer's property was not along the public sidewalk, but four feet and four inches nearer to the house than the public sidewalk. The proof is that the employer kept the whole length of the walk from the house to the public sidewalk and the adjacent public walk itself free of ice and snow. He also provided for sweeping this part of both walks. On January 6, 1959 claimant having finished her work fell on ice as she was leaving the premises to go to her car parked in the street in front of the house. The actual fall, the Workmen's Compensation Board has found "was just outside the employer's property line". After the

fall, part of her body was on the walk leading from the house and part on the public sidewalk. The board could find on this record that the fall occurred on the walk leading to the public sidewalk. Although the legal title to the exact spot where she fell was not held by her employer, he had exercised sufficient dominion over it as a route of access to his property and it was so located in respect of reasonable access to the place of work as to justify finding that the fall was related to and an incident of the employment. Upon such a finding as the board made, the injury came within the scope of employment. See *Matter of Gaik* v. *National Aniline Division* (5 A D 2d 1039); *Matter of Carrasquilla* v. *Penn Akron Co.* (10 A D 2d 135); *Matter of Manville* v. *New York State Dept. of Labor* (294 N. Y. 1). Cases such as *Matter of Pomakoy* v. *American Locomotive Co.* (277 App. Div. 823) and *Matter of Funarie* v. *Mohawk Club* (257 App. Div. 887) were based on factual findings against claimant; and *Matter of Milberg* v. *Behr-Manning Corp.* (274 App. Div. 862) is not in point. The decision in *Matter of White* v. *Consolidated Aircraft Corp.* (266 N. Y. 554) turned upon a somewhat different principle. There no control or adoption by the employer of the place of injury for the function of the work was shown. Award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.