In the Matter of the Claim of Augusto Campos, Appellant, against New York Dock Company, Respondent. State Industrial Board, Respondent.— This is an appeal by the claimant from a decision of the State Industrial Board reversing and rescinding an award in favor of the claimant. Claimant had several injuries to his left eye, and in this claim he now alleges he was injured in his right eye. Many hearings were had and much evidence was taken and the Industrial Board reversed the award made by a referee and dismissed the claim and found that the condition of claimant's right eye did not arise out of and in the course of his employment, that there was no causal relation and claimant's failure to give written notice was not excusable. The evidence supports the decision of the Industrial Board, which should be affirmed. Decsion of the State Industrial Board unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of Nicola Bostello, Appellant, against William Kennedy Construction Company and the United States Fidelity & Guaranty Company, Respondents. State Industrial Board, Respondent.— Appeal from a decision of the State Industrial Board, dated December 13, 1939, affirming an award as made by the referee for reduced earnings at the rate of eight dollars per week. Appellant contends that the award at the eight-dollar minimum rate was insufficient and that it should have been at the rate of thirteen dollars and seventy-five cents based upon a fifty per cent reduced earning capacity. Claimant was injured on June 12, 1931; and was totally disabled to July 15, 1931. From July 15, 1931, until June 14, 1938, he received compensation at the rate of thirteen dollars and seventy-five cents per week. The present award, which he now appeals from, at eight dollars a week, covers the period from June 14, 1938, to July 11, 1939. He was a laborer but never resumed his work after the accident and never offered any testimony of earnings from which his earning capacity could be determined. His present complaint is dizziness and that he is unable to work on elevations. As far back as 1932 there was medical testimony that he was able to return to his usual work and that there was no cause for disability. In 1938 he was examined by a physician designated by the Industrial Board who reported that there was a partial disability due to loss of taste and smell which affected his pleasure and satisfaction and mode of life only, and that there was no reason why he should not be able to do his usual work. Decision unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of John Dugan, Respondent, against Hasman and Baxt, Inc., and United States Guarantee Company, Appellants. State Industrial Board, Respondent.— The employer and its insurance carrier have appealed from a decision of the State Industrial Board making an award in claimant's favor. Claimant was a chauffeur and his employers were engaged in the trucking business. On November 9, 1940, claimant was ordered to proceed to pier 38, North river, and pick up some freight for shipment to Hoboken. While engaged in his work and while handling a case weighing 1,100 pounds, he felt an unusual sensation in his chest. The Industrial Board found that this unusual exertion caused a coronary occlusion, for which the award was made. The evidence sustains the finding of the Industrial Board. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser, Heffernan and Foster, JJ., concur; Bliss, J., dissents on the authority of *Matter of Dworak* v. *Greenbaum Co.* (287 N. Y. 555); *Matter of LaFountain* v. *LaFountain* (284 id. 729).