In the Matter of the Claim of FLORENCE KISER et al., Respondents, against AMERICAN BRIDGE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Award of death benefits. The evidence shows causal relation. The award should be affirmed. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.

In the Matter of the Claim of PENELOPE AMENTO, Respondent, against BOND STORES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from an award in favor of claimant. The employer was engaged in the clothing business in New York City and claimant was employed as a finisher. On February 8, 1947, while enroute to her work, and at a point three or four steps away from the front door of the employer's premises, and while claimant was still on the public highway, she slipped on snow, fell to the sidewalk and sustained injuries. The appellants contend that the accidental injuries did not arise out of and in the course of claimant's employment. This court finds that the accidental injuries sustained by the claimant did not arise out of and in the course of her employment. Award reversed and claim dismissed, with costs against the Workmen's Compensation Board. Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ., concur.

In the Matter of the Claim of BENJAMIN F. TARTER, Respondent, against PULLMAN COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision of the Workmen's Compensation Board which confirmed a referee's award of disability compensation to claimant. Claimant sustained a compensable back injury in September, 1945, and was awarded and paid compensation until he returned to work. With the exception of the time he was unable to work due to injuries sustained in a subsequent and unrelated accident (for which he was fully compensated) he continued in his employment without loss of earnings until March 18, 1947, when he left it and has since been unemployed. There is evidence that when he quit employment he was suffering from a residuum of the back injury of September, 1945, and that such was of a partial disabling nature; that he left his employment partly on account thereof and also because of a diseased heart condition which for aught that appears was wholly unrelated to any accidental injury. There was evidence that the residuum of claimant's back injury partially disabled him. He was awarded compensation under then effective subdivision 6 of section 15 of the Workmen's Compensation Law at the minimum rate in the absence of evidence of greater reduced earnings. There being evidence of partial disability caused by the accident of September, 1945, the award made was allowable without proof of actual reduced earning capacity. (*Matter of Bostello* v. *Kennedy Constr. Co.*, 263 App. Div. 1031.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ. [See *post*, p. 949.]