In the Matter of the Claim of JUANA CARRASQUILLA, Appellant, against PENN AKRON Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 18, 1960.

*Abraham Markhoff* for appellant.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*Albert P. Thill* for Penn Akron Co. and another, respondents.

HERLIHY, J. The employer in his notice of injury stated the place where the accident occurred: '' Sidewalk outside front door of our bldg.''. In the employee's claim the happening of the accident was described: '' Ice accumulation at entrance to factory building. Claimant fell on this ice.''

The claimant, an inside factory worker, on December 13, 1957 fell on a sidewalk at a point not to exceed six feet from the front entrance to the employer's premises. Some of the employees started work at seven o'clock and the maintenance man customarily opened the front door before that time. It was his practice to arrive and open the door earlier than he did on this particular morning and as a consequence several employees — including claimant — were waiting near the door and when it was opened they started into the building. The claimant was to the rear of the group — five or six in number — and was proceeding toward the entrance when she fell, sustaining the injuries for which compensation is sought herein.

The board's memorandum decided the issue on the sole ground that claimant had not yet reached the employer's premises when she fell on a public sidewalk. There was no description of the sidewalk as such before the Referee but the attorney for the claimant, when appearing before the board, conceded it to be a public sidewalk and we assume he meant the part running parallel with the curb and the building and not that part leading to the front door. An examination of Exhibits A and C in evidence, particularly the mark identifying the spot where claimant fell, leaves much to be developed as to the ownership of the sidewalk and under whose jurisdiction such matters as shoveling snow attached, together with the manner and custom of attending such matters. The mark on Exhibit C and the testimony of the witnesses tend to the conclusion the accident happened on that part of the sidewalk leading to the entrance. Even if it be established where she fell was a public sidewalk, it might well be determined under the circumstances herein to be a part of the employer's premises or precincts where it could reasonably be inferred that it was a waiting area for employees who would have entered the building had the doors been unlocked. The limited record — in the absence of proof to the contrary — certainly . gives credence to the inference and implication that this claimant was within the precincts of her employment at the time of the accident. The record does not justify the finding by the board that *Matter of Flanagan* v. *Ward Leonard Elec. Co.* (274 App. Div. 1081) is not applicable to the present facts. In *Matter of Rosenwasser* v. *Lanes Lake Success* (9 A D 2d 1001) recently decided by this court, we held that where an employee

to arrive at the entrance to her employment was required to walk through a parking lot, it was within the employer's precincts. Also in *Matter of Moskowitz* v. *Granata* (9 A D 2d 310) where the claimant fell on a slippery driveway, it was held to be "part of the facilities connected with the garage which was, for the purposes of this employment, the 'premises'". (See, also, *Matter of Doca* v. *Federal Stevedoring Co.*, 284 App. Div. 46–50; *Matter of Gaik* v. *National Aniline Div.*, 5 A D 2d 1039.)

The testimony here is so indefinite and limited in scope, applying the "reasonable mind" interpretation, there is not sufficient fulcrum for the board's decision.

The matter should be reversed and remitted to the board for further consideration.

REYNOLDS, J. (concurring in result). I concur with the reversal and remittance for a further development of the facts. Despite the concession of claimant's counsel before the board that this fall occurred on a public sidewalk, viewing the meager record as a whole, the exact spot and the ownership of the sidewalk where she fell is still left in doubt. The marks on the photographs seemingly conflict with the oral testimony. If the fall was on a private sidewalk belonging to the employer it would have been compensable since the claimant would have entered on the employer's premises and attached herself to the employment (*Matter of Manville* v. *New York State Dept. of Labor*, 294 N. Y. 1) ; but, if it was a public sidewalk the board correctly held that the fall did not arise out of or in the course of the employment. In *Matter of Flanagan* v. *Ward Leonard Elec. Co.* (274 App. Div. 1081) the claimant after finding the front door of the employer's premises locked walked around to a rear entrance and fell on an icy sidewalk adjacent to the property of the employer. In *Matter of Leatham* v. *Thurston & Braidich* (264 App. Div. 449, affd. 289 N. Y. 804) the claimant was injured in crawling over a truck which blocked his usual entranceway. The truck there was the factor connecting the accident to the employment even though the employee had not yet entered the employer's premises. The court quoted a decision in a lower court in New Jersey stating that the hazards of the way in and out may be part of the employment under certain circumstances, and permitting recovery for a fall on ice on a public sidewalk two feet from the factory gates on the ground that the employer had a right to remove the ice. That New Jersey case, *Gullo* v. *American Lead Pencil Co.* (118 N. J. L. 445) was, however, later reversed by the New Jersey Court of Errors and Appeals and

compensation denied (119 N. J. L. 484). *Matter of Rosenwasser* v. *Lanes Lake Success* (9 A D 2d 1001) decided last term involved the parking lot of a shopping center of which the employer's store was a part and the employees had to walk across the lot to get to the employer's sidewalk and the employees' entrance at the rear of the store. It was pointed out there that *Matter of Funarie* v. *Mohawk Club* (257 App. Div. 887) was distinguishable because it involved a public sidewalk in front of the premises. In *Funarie* compensation was denied when the claimant fell eight or nine feet from the entrance to the premises. *Matter of Gaik* v. *National Aniline Division* (5 A D 2d 1039) is clearly distinguishable in that it involved a fall on a public sidewalk while walking from the employer's parking lot to the plant. The court said: "Cases where public sidewalk injuries have not been held compensable involve situations in which the employee is deemed to have detached himself from the employment or not yet to have attached himself to it when injured on the public street. *Matter of Amento* v. *Bond Stores* (274 App. Div. 863) and *Matter of Pomakoy* v. *American Locomotive Co.* (277 App. Div. 823) are examples."

In the *Amento* case (274 App. Div. 863) the claimant fell when three or four steps away from the front door of the employer's premises and the court reversed an award of compensation and dismissed the claim. Likewise in *Matter of White* v. *Consolidated Aircraft Corp.* (266 N. Y. 554) an award of compensation for a fall on the street as the employee was about to enter the employer's premises was reversed and the claim dismissed. In the present case it is argued that because the front door was locked when certain employees arrived and some had to stand and wait, the fall was connected to the employment. This argument necessarily was rejected by the board in their finding that the fall was not compensable.

In sum, if it is determined clearly that the claimant herein fell upon a public sidewalk (together with the other facts established) the decision of the board dismissing the claim was sound, and in accord with the established law pertaining thereto.

BERGAN, P. J., COON and GIBSON, JJ., concur with HERLIHY, J.; REYNOLDS, J., concurs in the result, in a memorandum.

Decision reversed, with costs to the appellant, and matter remitted to the board for further consideration.