■ In the Matter of the Claim of JOSEPH GLICKMAN, Respondent, v. ACE EQUIPMENT COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— After an uncontested award for disability due to an acute coronary infarction in 1955, claimant resumed his employment at the same pay but with lighter work, until 1960 when he was totally disabled for approximately seven weeks following a coronary attack unrelated to the employment. For this second period of disablement the board awarded for reduced earnings, finding a causally related permanent partial disability as a result of the 1955 accident and a causally related 60% earning capacity. Appellants concede causally connected physical impairment, as well as diminution in earning capacity, but hypothesize that claimant would have continued at work without loss of time except for the noncompensable attack in 1960, and on that basis assert that this attack was the sole cause of his loss of wages. Appellants' medical expert, however, said that claimant "had a continuing partial disability due to his original attack" and "was rendered totally disabled by reason of a new attack, and the difference between partial and total, was attributable to a causally unrelated attack." Apportionment of disability and lost earnings accordingly was clearly warranted. (*Matter of Tarter* v. *Pullman Co.*, 274 App. Div. 863.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.