In the Matter of the Claim of MARGARET M. KANE, Respondent, *v.* NEW YORK STATE DEPARTMENT OF INSURANCE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 1, 1967.

*Bernard F. Farley* and *Joseph M. Soviero* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Walsh, Curley & Bayly* for claimant-respondent.

GIBSON, P. J. An employer and its insurance carrier appeal from an award for disability due to injuries sustained when claimant slipped and fell upon ice at or near curb of the public sidewalk in front of the building in which she was employed, as she was proceeding, at the end of her day's work, to the automobile of a friend who customarily stopped there for her each afternoon after work. The board's findings, couched in bald and conclusory language, were, in pertinent part, " that the claimant's employment by the State of New York placed her in the building in front of which she fell. Presumably, the State of New York leased the premises in this building from Picotte Realty Co., which company was charged with the maintenance of the building and frontage where claimant fell on ice. The Board finds that the building where claimant worked and the frontage where she fell, was the hazard and risk of the employment, and the claimant is entitled to safe ingress and egress from the building."

The effect of the board's decision is to extend the concept of the precincts or area of the employment beyond that delineated or defined in previously decided cases; and this the board has done without an explicit finding of one of the factual bases which in previous cases has sustained the extension of the

employment situs to public streets or other areas beyond the employment premises proper.

One factor that has served as a basis for such an extension is that of compulsion, as when an employee found the usual entrance to his place of employment blocked by a truck backed up to a loading platform and fell when he attempted to climb over the truck. (*Matter of Leatham* v. *Thurston & Braidich,* 264 App. Div. 449, affd. 289 N. Y. 804.) Similarly, falls on public sidewalks were treated as industrial accidents in cases where entrance doors were locked, with the result in one case that an employee fell when going to the rear entrance (*Matter of Flanagan* v. *Leonard Elec. Co.,* 274 App. Div. 1081) and in another that the sidewalk upon which the employee fell had become a waiting area in which employees congregated until the door was opened (*Matter of Carrasquilla* v. *Penn Akron Co.,* 10 A D 2d 135). The same element of compulsion was present in the case of an injury on a public parking lot which the employee had to cross to reach the entrance that employees were directed to use. (*Matter of Rosenwasser* v. *Lanes Lake Success,* 9 A D 2d 1001.) In other cases, accidents have been found to have happened within the precincts of the employment when they occurred upon public streets which the employer concerned utilized for business purposes or otherwise obstructed. (*Matter of Brienza* v. *Le Chase Constr. Corp.,* 17 A D 2d 83) or over which he exercised dominion (*Matter of Camaro* v. *Starbuck,* 19 A D 2d 927; *Matter of Olivo* v. *City School Dist., Bd. of Educ.,* 26 A D 2d 868) or with respect to which he was charged with the duty of maintenance, including snow removal (*Matter of Reid* v. *Coastal Abrasive & Tool Co.,* 26 A D 2d 862). In other cases the factor was that of a benefit to the employer in the employee's use of a public parking area (*Matter of Berry* v. *B. Gertz, Inc.,* 21 A D 2d 708) or a combination of the factors of compulsion by the employer and of benefit to the employer in the employee's use of a particular portion of a parking lot away from the area convenient to the employer's customers (*Matter of Evans* v. *J. W. Mays, Inc.,* 25 A D 2d 597, mot. for lv. to app. den. 17 N Y 2d 423). In a recent common-law negligence action, in which the defense of workmen's compensation coverage was interposed, the factors of dominion and of mutual benefit were controlling. (*Chadwick* v. *Clark,* 19 A D 2d 679.)

In the respondent board's brief, some point is made of the fact, if such it is, that there was but one exit door; but as to this there is no satisfactory proof nor is there evidence to support a theory, which, therefore, we are not called upon to, and

do not evaluate or consider, that the single exit caused numbers of employees to be channeled to, or to congregate in a particular area, as occurred in the case of the locked entrance door in *Carrasquilla* (*supra*). We do not consider that the additional contentions urged for the first time in the board's brief are before us.

The decision should be reversed, with costs to appellants against the Workmen's Compensation Board, and case remitted for further proceedings not inconsistent herewith.

HERLIHY, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Decision reversed, with costs to appellants against the Workmen's Compensation Board, and case remitted for further proceedings not inconsistent herewith.