Lahtinen, J.
Appeal from a decision of the Workers’ Compensation Board, filed September 13, 2002, which ruled that claimant had sustained a compensable injury and awarded workers’ compensation benefits.
Claimant worked for the employer as a data analyst in an office at the World Trade Center in Manhattan. He was traveling by subway to work on the morning of September 11, 2001, when all passengers were informed that the train would not be continuing to the station located in the World Trade Center complex. Claimant transferred to a different train from which he emerged one block from One World Trade Center and two blocks from Two World Trade Center, the building in which his office was located. As he stood on the sidewalk observing the damage incurred by the first tower, the second tower exploded. Claimant was injured when he was struck by flying debris from the second explosion.
The Workers’ Compensation Board ruled that claimant’s accident was compensable having arisen out of and in the course of his employment.* The employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) appeal, contending that claimant was not injured in the course of his employment (see Workers’ Compensation Law § 2 [7]; §10).
In general, an employee will not be considered to be working within the scope of his or her employment while traveling to and from work unless there is a sufficient nexus between the employer’s premises and the employee’s injury (see Matter of Neacosia v New York Power Auth., 85 NY2d 471, 474-475 [1995]). Certain exceptions to this rule exist and are enhanced as the employee draws physically nearer to the workplace until he or she has entered a “gray area” where the risks of travel to or from work may be said to merge with the risks of employment (Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 *696 [1976]; see Matter of Davenport v New York State Senate, 283 AD2d 880, 881 [2001]). The standard to be applied “is whether there is such a relationship existing between the accident and the employment as to bring the former within the range of the latter” (Matter of Husted v Seneca Steel Serv., supra at 144; see Matter of Moore v Ogden Allied, 284 AD2d 624, 625-626 [2001]).
In our view, substantial evidence supports the Board’s finding that claimant’s injuries arose out of and in the course of his employment (see Matter of Arana v Hillside Manor-Nursing Ctr, 251 AD2d 715, 716 [1998]). Its decision, accordingly, will not be disturbed.
Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.

 The Board modified the decision of the Workers’ Compensation Law Judge by rescinding an award for serious facial disfigurement on the ground that the award was premature, as more time was required to obtain expert medical evidence regarding the extent and permanency of claimant’s facial injuries.