■ In the Matter of the Claim of JULIO FIGUEROA, Respondent, v PERFECT SHOULDER COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 704]—

Mercure, J.

Claimant worked as a supervisor for the employer and was required to open the factory he worked in each day by 7:00 A.M.,

---

but was prohibited from doing so earlier than 6:45 A.M. Having arrived early on October 9, 2006, claimant was sitting in his parked car on a public street in front of the workplace and was rendered a quadriplegic when his automobile was struck from behind by another vehicle. His subsequent application for workers' compensation benefits was approved by a Workers' Compensation Law Judge, who determined that claimant's injuries arose out of and in the course of his employment. Upon review, the Workers' Compensation Board upheld that determination, prompting this appeal by the employer and its workers' compensation carrier.

We affirm. Generally, accidents that occur in public areas away from the workplace and outside of work hours are not compensable (see Matter of Littles v New York State Dept. of Corrections, 61 AD3d 1266, 1267 [2009]). As the accident here occurred near the workplace, it fell within a "gray area" where the risks of travel merge with those of employment (see Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976]; Matter of Littles v New York State Dept. of Corrections, 61 AD3d at 1267; Matter of Moore v Ogden Allied, 284 AD2d 624, 625 [2001]). "Recovery has generally been upheld for injuries sustained while traveling to and from work along a normal access route where some reasonable nexus" exists between the employment and the risk which led to the accident (Matter of Moore v Ogden Allied, 284 AD2d at 625-626; see Matter of Husted v Seneca Steel Serv., 41 NY2d at 145; Matter of Tompkins v Morgan Stanley Dean Witter, 1 AD3d 695, 696 [2003]). If the Board's resolution of that issue is supported by substantial evidence, it will be upheld (see Matter of Tompkins v Morgan Stanley Dean Witter, 1 AD3d at 696).

Here, claimant was ordered by his employer to open the factory no later than 7:00 A.M. to prepare work for other employees. To fulfill that duty in the face of unpredictable travel conditions, claimant left home early enough to always ensure a timely arrival. As a result, claimant frequently arrived at work early, but was prohibited by his employer from entering the factory prior to 6:45 A.M. It is undisputed that claimant's accident occurred while he was waiting for the appointed time to enter the factory. Given that the employer's directions compelled claimant to arrive at work early and wait—and the accident occurred during that wait—we are satisfied that substantial evidence supports the Board's determination that a causal nexus existed between the employment and the injury (see Matter of Flanagan v Leonard Elec. Co., 274 App Div 1081, 1081 [1949]; see e.g. Matter of Kane v New York State Dept. of Ins., 27 AD2d 344,

344-345 [1967]; *cf. Matter of Brienza v Le Chase Constr. Corp.*, 17 AD2d 83, 84-85 [1962]; *Matter of Carrasquilla v Penn Akron Co.*, 10 AD2d 135, 136 [1960]). Accordingly, we perceive no basis upon which to disturb the Board's decision.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.