Egan Jr., J.
Appeals (1) from a decision of the Workers’ Compensation Board, filed September 12, 2011, which ruled that claimant sustained an injury arising out of and in the course of her employment, and (2) from a decision of said Board, filed November 8, 2012, which denied a request by the employer and its workers’ compensation carrier for reconsideration and/or full Board review.
In February 2011, claimant, who is employed by the Comptroller, parked her car in a surface lot owned or maintained by the state and, while walking through that lot to her office, slipped on black ice and fell, breaking her left ankle in two places. Claimant filed a claim for workers’ compensation benefits, and the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim— contending that claimant’s injury did not arise out of and in the course of her employment. Following a hearing, at which claimant was the only witness to testify, a Workers’ Compensation Law Judge denied the claim. Claimant sought review of that decision and, in opposition thereto, the carrier submitted information suggesting that the parking lot in question was available for use by the general public. The Workers’ Compensation Board reversed and awarded claimant benefits, finding that *1082 claimant suffered a compensable work-related accident. The carrier now appeals from the Board’s decision, as well as from the Board’s denial of its subsequent request for reconsideration and/or full Board review.
We affirm. As a general rule, “accidents that occur in public areas away from the workplace and outside of work hours are not compensable” (Matter of Figueroa v Perfect Shoulder Co., Inc., 68 AD3d 1586, 1587 [2009]; see Matter of O’Neil v City of Albany Police Dept., 81 AD3d 1048, 1048 [2011]). However, “by making arrangements for employee parking, [an employer] may be found to have extended its premises to the area of the approved parking facility so that an accident that occurs therein may be found to have arisen within the precincts of the claimant’s employment, rendering it compensable. This is particularly true where the claimant is injured on the way to work and in such physical proximity to his or her worksite as to establish a relationship between the accident and the employment” (Matter of Thatcher v Crouse-Irving Mem. Hosp., 253 AD2d 990, 991 [1998] [citations omitted]; see generally Matter of Brooks v New York Tel. Co., 87 AD2d 701, 701 [1982], affd 57 NY2d 643 [1982]). If the Board’s resolution of this factual issue is supported by substantial evidence, it will not be disturbed (see Matter of O’Neil v City of Albany Police Dept., 81 AD3d at 1049; Matter of Figueroa v Perfect Shoulder Co., Inc., 68 AD3d at 1587).
Here, claimant testified that following the approval of her application to park in the subject lot, she was given a hang tag to display in her vehicle’s window and a parking fee was deducted from her biweekly paycheck (compare Matter of Littles v New York State Dept. of Corrections, 61 AD3d 1266, 1267 [2009]). Although a portion of the parking lot occasionally was set aside for vendors participating in events at the nearby Times Union Center, the lot was not — to the best of claimant’s knowledge— open to the public during the work week. Finally, claimant described the route traveled from the surface lot to her building and testified that “[e]veryone” who parked in the vicinity of the lot “usually [took the] same route into [the employer’s] building” (see Matter of Bernard v Holiday House of Sloatsburg, 110 AD2d 941, 941-942 [1985]; compare Matter of Fiero v New York City Dept. of Hous. Preserv. & Dev., 34 AD3d 911, 912-913 [2006]). Under these circumstances, “substantial evidence supports the Board’s ruling that there was a sufficient nexus in time and place between the parking facility, the use of which was fully endorsed by the employer, and the employer’s premises to render claimant’s accident compensable” (Matter of Thatcher v Crouse-Irving Mem. Hosp., 253 AD2d at 991).
*1083 Although the carrier contends that the Board’s decision ignores its post-hearing proof suggesting that the lot in question is open to the public, the Board was free to reject this submission in the absence of an explanation as to why this evidence was not tendered at the time of the hearing (see 12 NYCRR 300.13 [g]; Matter of Pelaez v Silverstone, 93 AD3d 1042, 1043-1044 [2012], lv dismissed and denied 19 NY3d 954 [2012]; Matter of Estrella v Broadway 69 Assoc., 79 AD3d 1536, 1537 [2010]). Thus, we cannot say that the Board’s denial of the carrier’s application for reconsideration “was either arbitrary or capricious or an abuse of discretion” (Matter of McCorkle-Spaulding v Lowe’s, 95 AD3d 1513, 1514 [2012]; see Matter of Mazzaferro v Fast Track Structures, Inc., 106 AD3d 1302, 1302 [2013]).
Rose, J.E, McCarthy and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.